J-S51005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WAYNE ALLEN YENDRIGA, | |
| Appellee | No. 1868 MDA 2013 |

Appeal from the Judgment of Sentence September 13, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0009128-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DOMINICK ALAN CARTER, | |
| Appellee | No. 2018 MDA 2013 |

Appeal from the Judgment of Sentence October 11, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008025-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LAWRENCE M. CUNNINGHAM, | |
| Appellee | No. 2024 MDA 2013 |

Appeal from the Judgment of Sentence October 21, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005423-2013


COMMONWEALTH OF PENNSYLVANIA,      IN THE SUPERIOR COURT OF
PENNSYLVANIA

         Appellant

         v.

MONIQUE VERA WINSTON,

         Appellee          No. 2135 MDA 2013


Appeal from the Judgment of Sentence October 28, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003800-2013


COMMONWEALTH OF PENNSYLVANIA,      IN THE SUPERIOR COURT OF
PENNSYLVANIA

         Appellant

         v.

BRIAN KEVIN DOLL,

         Appellee          No. 2164 MDA 2013


Appeal from the Judgment of Sentence November 4, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006256-2013


COMMONWEALTH OF PENNSYLVANIA,      IN THE SUPERIOR COURT OF
PENNSYLVANIA

         Appellant

         v.

ANDREA NICOLE LUMBAN-TOBING,

|                                        |                                         |
| -------------------------------------- | --------------------------------------- |
| Appellee                               | No. 151 MDA 2014                        |

Appeal from the Judgment of Sentence December 23, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008104-2013

|                                        |                                         |
| -------------------------------------- | --------------------------------------- |
| COMMONWEALTH OF PENNSYLVANIA,          | IN THE SUPERIOR COURT OF                |
|                                        | PENNSYLVANIA                            |
| Appellee                               |                                         |
| v.                                     |                                         |
| HEIDI ARLENE HARTMAN,                  |                                         |
| Appellant                              | No. 253 MDA 2014                        |

Appeal from the Judgment of Sentence January 7, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007320-2013

|                                        |                                         |
| -------------------------------------- | --------------------------------------- |
| COMMONWEALTH OF PENNSYLVANIA,          | IN THE SUPERIOR COURT OF                |
|                                        | PENNSYLVANIA                            |
| Appellant                              |                                         |
| v.                                     |                                         |
| SHAWN MICHAEL NESS,                    |                                         |
| Appellee                               | No. 273 MDA 2014                        |

Appeal from the Judgment of Sentence January 9, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006765-2013

BEFORE: BOWES, OTT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 20, 2014**

In this consolidated appeal involving eight defendants, the
Commonwealth contends that the sentencing courts in question erroneously

- 3 -

computed the maximum sentence that could be imposed upon the respective defendants for a conviction of driving under the influence of alcohol ("DUI") pursuant to 75 Pa.C.S. § 3802(a)(1) (general impairment) where each defendant refused chemical testing and had a prior DUI. The Commonwealth acknowledges that the panel decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa.Super. 2013), is applicable herein. In **Musau**, a panel of this Court concluded that a defendant who was convicted of DUI under 75 Pa.C.S. § 3802(a)(1), refused chemical testing for the offense in question, and had a prior DUI could be sentenced to a maximum of only six months. The Commonwealth maintains that **Musau** was erroneously decided in that it improperly construed 18 Pa.C.S. § 3803. As we are bound by the decision in question, we are constrained to affirm.

Initially, we set forth the factual background of the cases at issue herein, all of which were instituted in York County. In each instance, the pertinent facts have been ascertained from a review of the affidavit of probable cause supporting the criminal complaint. We observe that, in some of these cases, the Commonwealth was ordered to file a Pa.R.A.P. 1925(b) statement. In those instances, the Commonwealth timely complied and preserved the issue now presented on appeal.

At criminal action number 9128 of 2012, Wayne Allen Yendriga was charged with driving under the influence of alcohol ("DUI") pursuant to 75 Pa.C.S. § 3802(a)(1), which prohibits a person from driving a vehicle after

consuming a sufficient amount of alcohol so as to render him incapable of safely driving. The offense was graded as a first degree misdemeanor. The criminal complaint indicates that at approximately 9:00 a.m. on October 19, 2012, York Police Officer Joel Hopta was dispatched to the scene of an accident on Connelly Road, where a tractor trailer had hit a building. Yendriga was driving the truck when the accident occurred and displayed signs of intoxication. Officer Hopta administered field sobriety tests to Yendriga. Yendriga was arrested after failing the tests, was given the proper warnings about the consequences of his failure to agree to a blood alcohol content ("BAC") test, and nevertheless refused BAC testing. He was arrested that day and released on bail in December 2012.

Yendriga failed to appear for three scheduled pre-trial conferences, which resulted in bail forfeiture and issuance of a bench warrant. After being apprehended, Yendriga, on September 13, 2013, entered a no-contest plea to the offense. The record of the September 13, 2013 proceeding indicates that Yendriga had a prior DUI, and the Commonwealth requested a sentence of one to five years in jail. Over objection, the trial court applied *Musau* and sentenced Yendriga to time served to six months.

At criminal action number 0008025-2012, Dominick Alan Carter was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1) graded as a first degree misdemeanor, endangering the welfare of a child, driving while under a DUI license suspension, careless driving, operating a motor vehicle that

contained an open alcoholic beverage container, and failing to have his minor child, who was in the front seat, fastened with a seat belt. At approximately 1:30 p.m. on July 18, 2012, Pennsylvania State Trooper Matthew Pavone was dispatched to a parking lot near Lake Williams after an eyewitness observed Carter arrive at that location driving a car while visibly intoxicated. Carter was in the company of his child. Trooper Pavone interviewed Carter, concluded that he was drunk, and gave Carter the proper warnings about the consequences of his failure to agree to a BAC test. Carter refused BAC testing. On October 11, 2013, Carter entered a guilty plea to DUI and endangering the welfare of a child. At sentencing, the Commonwealth acknowledged that Carter's maximum sentence under *Musau* for the DUI charge would be six months imprisonment, but it specifically objected to that maximum. Carter received a six-month prison term for the DUI.

At criminal action number 5423 of 2013, Lawrence Cunningham was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1) graded as a first degree misdemeanor and driving in the wrong direction on a one-way street. At approximately 2:45 a.m. on July 12, 2013, York Police Officer Matthew Dewitt stopped Cunningham's vehicle after observing him driving the wrong way on the one-way North Hartley Street. Cunningham appeared intoxicated, Officer Dewitt gave him the proper warnings about the consequences of his failure to agree to BAC testing, and Cunningham, who

had been convicted of DUI in 2004, refused that testing. On October 11, 2013, Cunningham entered an open guilty plea to the DUI offense. After the Commonwealth again voiced its objection to the *Musau* holding regarding the maximum sentence that could be imposed, on October 21, 2013, Cunningham was sentenced to ninety days to six months in the county jail.

At criminal action number 3800 of 2013, Monique Vera Winston was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1) graded as a first degree misdemeanor and driving with a suspended license-DUI related. At approximately 2:30 a.m. on March 17, 2013, State Trooper Shawn Panchik observed Winston operating her car on Interstate 83 North near mile marker twenty-five and ascertained that she had a suspended license. After being stopped, Winston exhibited signs of impairment and was transported to a hospital for BAC testing. Trooper Panchik gave Winston the proper warnings about the consequences of her failure to agree to BAC testing, but she refused it. On July 29, 2013, Winston entered an open guilty plea to both charges, and she was sentenced on October 28, 2013. Winston received a jail term of ninety days for the DUI-suspension, and, over objection, a six-month jail term for the DUI offense.

At criminal action number 8104 of 2013, Andrea Nicole Lumban-Tobing was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1) graded as a first degree misdemeanor and driving in the incorrect lane of a roadway. At approximately 1:30 a.m. on October 3, 2013, West York Borough Police

Officer Scott A. Musselman stopped Lumban-Tobing after he observed her driving her car in an easterly direction in the westbound lane of West King Street. After she displayed signs of intoxication, Officer Musselman arrested Lumban-Tobing and transported her to a booking center for purposes of drawing blood. Officer Musselman disseminated the proper warnings about the consequences of her failure to agree to BAC testing, but Lumban-Tobing, who had been convicted of DUI in March 2013, declined to have her blood drawn. On December 23, 2013, Lumban-Tobing entered a guilty plea to the DUI charge, and the Commonwealth withdrew the summary offense. The Commonwealth acknowledged that *Musau* impacted on the sentencing court's sentencing alternatives but voiced its objection to the propriety of *Musau's* holding. Lumban-Tobing was sentenced to forty-five days in jail followed by ninety days house arrest.

At criminal action number 7320 of 2013, Heidi Arlene Hartman was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1) graded as a first degree misdemeanor, failing to keep her vehicle within her lane of traffic, failing to stop at a stop sign, careless driving, and failing to wear her seat belt. At about 5:00 p.m. on September 21, 2013, Pennsylvania State Trooper Travis Kauffman was on routine patrol in York City. He observed Hartman fail to stop her vehicle at a stop sign and then cross into the oncoming lane of traffic. Trooper Kauffman initiated a traffic stop, and Hartman displayed numerous signs of intoxication. Hartman was arrested

for DUI, Trooper Kauffman gave her the proper warnings about the consequences of her failure to agree to BAC testing, and Hartman refused to undergo that testing. Hartman was convicted of DUI in 2004. On January 7, 2014, Hartman pled guilty to the DUI offense and the remaining charges were *nol prossed*. The Commonwealth noted its objection to **Musau's** prohibition to imposition of a sentence that exceeded six months. Hartman was sentenced to six months of intermediate punishment.

At criminal action number 6256 of 2013, Brian Kevin Doll was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1) graded as a first degree misdemeanor. At about 7:00 p.m. on August 3, 2013, Hellan Township Police Sergeant Drew Heistand was dispatched to the site of a traffic accident on Pleasant Valley Road. When he arrived, there was a vehicle upside down in the middle of the road. Doll chanced upon the accident scene driving a white van that stopped behind one of the fire trucks. Doll exited his vehicle. One of the firemen gained Sergeant Heistand's attention and indicated that Doll appeared to be intoxicated.

Sergeant Heistand approached Doll and detected a strong odor of alcohol emanating from his breath. Sergeant Heistand advised Doll to call for someone to retrieve him from the accident scene and said that he would not be arrested if he complied with this directive. Doll ignored the officer, entered his van, and attempted to leave the scene. Doll was unable to do so due to the presence of fire trucks. After Sergeant Heistand processed the

intoxicated driver involved in the accident, he again approached Doll, who failed field sobriety tests and was arrested. Doll was taken to a hospital for a blood test. After being given the correct warnings about the consequences of his failure to agree to BAC testing, Doll refused to undergo that testing. The record indicates that Doll had a prior DUI conviction within the ten years prior to August 2013. N.T. Plea, 11/4/13, at 3. Doll pled guilty to the charged offense on November 4, 2013, and was sentenced to six months imprisonment, over the Commonwealth's objection, based upon application of **Musau**.

At criminal action number 6765 of 2013, Shawn Michael Ness was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1) graded as a first degree misdemeanor and two summary traffic offenses. At approximately 1:30 a.m. on September 2, 2013, State Trooper Michael Levinsky was on patrol on Highway 30 in York City. He observed Ness driving his Volkswagen erratically and stopped him. Ness appeared intoxicated and had a prior DUI conviction from 2008. Ness refused to undergo BAC testing following his arrest. After pleading guilty on January 9, 2014, Ness was sentenced to forty-five days in jail followed by ninety days house arrest. The sentence was the result of the sentencing court's application of the holding in **Musau**. The Commonwealth maintained that Ness's maximum sentence should have been five years.

In these consolidated appeals, the Commonwealth presents one contention: "Whether the sentencing court erred when it held that six months for the defendant's driving under the influence (refusal) (2nd offense) conviction was the statutory maximum allowable sentence it could consider." Commonwealth's brief at 4. The question of the legal maximum sentence imposable for a second DUI conviction involving a BAC refusal relates to the legality of the sentence imposed. *Musau*, *supra*. "Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa.Super. 2014).

As the Commonwealth readily concedes, as it did before each sentencing court, *Musau*, *supra*, applies in each case. Musau was convicted of DUI general impairment under § 3802(a)(1) and refused BAC testing at the time of his DUI arrest. Musau also had a DUI conviction within the ten years prior to the offense at issue. He was sentenced to ninety days to five years imprisonment, and, on appeal, he contended that the statutory maximum sentence that could be imposed was six months. We agreed and reversed the sentence.

Our decision rested upon application of language in 75 Pa.C.S. § 3803. We reached our result by finding a conflict between 75 Pa.C.S. § 3803(a)(1) and § 3803(b)(4). The first provision states:

> **(a) Basic offenses.--**Notwithstanding the provisions of subsection (b):
>
> (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

75 Pa.C.S. § 3803(a)(1). On the other hand, § 3803(b)(4) provides, "(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree." 75 Pa.C.S. § 3803(b)(4). A first-degree misdemeanor is punishable by a maximum of five years imprisonment. 18 Pa.C.S. § 106(b)(6); 18 Pa.C.S. § 1104(1).

The defendant in ***Musau*** argued that the use of the term "notwithstanding" meant "nevertheless," or "in spite of," and maintained that the explicit language of § 3803(a)(1) overrode § 3803(b)(4)'s indication that a § 3802 (a)(1) conviction with a refusal and a prior DUI could be punishable as a first degree misdemeanor with a five-year maximum. The Commonwealth countered with a different statutory construction that gave § 3803(b)(4) controlling effect over § 3803(a)(1). The panel in ***Musau*** adopted the interpretation of § 3803 advanced by the defendant and rejected the position that his maximum sentence could be five years.

Instead, it ruled that six months imprisonment was the maximum sentence that can be imposed for a second DUI offense involving BAC refusal.[1]

*Musau* applies to the defendants at issue herein. They were all convicted of DUI general impairment under § 3802(a)(1), refused BAC testing, and had a prior DUI. Thus, that case provides that the maximum sentence applicable in each case was six months.

The Commonwealth suggests that our decision in *Commonwealth v. Barr*, 79 A.3d 668 (Pa.Super. 2013), compels a different result. However, *Barr* did not involve an interpretation of the conflicting provisions of § 3803 and in no way can be construed as invalidating *Musau*. Instead, in that decision, we held that the question of whether a defendant refused BAC testing had to be submitted to a jury and proven beyond a reasonable doubt.

The Commonwealth also implies that the grant of allowance of appeal in *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013), should impact upon our decision herein. In *Mendez*, our Supreme Court agreed to review the propriety of the memorandum decision in *Commonwealth v. Mendez*, 62 A.3d 456 (Pa.Super 2012). In *Mendez*, over President Judge Emeritus McEwen's dissent, we utilized the rules of statutory construction now advanced by the Commonwealth herein. The majority found that

_____

[1] We noted in *Commonwealth v. Concordia*, 2014 PA Super 155 n.1 that the Commonwealth's interpretation of § 3803 was logical.

- 13 -

§ 3803(b)(4) rather than § 3803(a)(1) applied to a § 3802 (a)(1) DUI conviction as a second offense where the defendant refused BAC testing. Our Supreme Court granted review of that decision as follows: "In upholding a sentence that exceeds the statutory maximum explicitly set out in 75 Pa.C.S. § 3803, did not the majority violate the rules of statutory construction in order to avoid what it saw as 'problematic consequences' resulting from a straightforward application of the statute?" **Commonwealth v. Mendez**, 71 A.3d 250 (Pa. 2013).

We cannot read any particular outcome as to this grant of allowance of appeal, and it certainly cannot be viewed as an intention by our Supreme Court to overrule **Musau** and affirm **Mendez**. Thus, the grant of allowance of appeal has no impact herein. While the Commonwealth maintains that **Mendez** is ripe for review since the appellee brief was filed, we disagree. Oral argument is not scheduled until September 9, 2014, all the justices must consider the issue, and a decision must be written.

Using the tools of statutory construction, the Commonwealth also persuasively argues that **Musau** was wrongly decided and suggests that we interpret § 3803 so as to permit a five-year maximum in these cases. **See e.g.**, Commonwealth's brief at 18 ("The **Musau** reading of the statue creates absurd results contrary to the legislative intent."). The Commonwealth devotes a significant amount of compelling analysis to support its position that a five-year maximum sentence is permitted in these cases. While, as

- 14 -

outlined in *Concordia, supra* at n.1, this position may have merit, we cannot overrule *Musau* because we are bound by that decision.  Indeed, the Commonwealth consistently acknowledged at each sentencing in the present cases that the sentencing court was bound by *Musau*.  It complained that *Musau* was wrongly decided.

However, we are no less bound by the *Musau* decision than were the sentencing courts herein.  As we observed in *Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa.Super. 2006): "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, *Commonwealth v. Hull*, 705 A.2d 911, 912 (Pa.Super. 1998), except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court.  *Commonwealth v. Prout*, 814 A.2d 693, 695 n.2 (Pa.Super. 2002)."  We also observed in *Pepe* that, even when our Supreme Court has granted an appeal for purposes of determining the question before the panel deciding a case, the prior panel's decision nevertheless remains binding.  *See also Regis Insurance Co. v. All American Rathskeller, Inc.*, 976 A.2d 1157, 1161 n.6 (Pa.Super. 2009) (Superior Court panel lacked the power to disregard and overrule binding prior panel decision).  Hence, we are compelled to affirm.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014