J-S51008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MATTHEW SCOTT MOFFITT, | |
| Appellee | No. 2229 MDA 2013 |

Appeal from the Judgment of Sentence November 18, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005179-2013

BEFORE:  BOWES, OTT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 20, 2014**

In this appeal, the Commonwealth contends that the sentencing court erroneously computed the maximum sentence that could be imposed upon Appellee Matthew Scott Moffitt with respect to a conviction for driving under the influence of alcohol ("DUI") pursuant to 75 Pa.C.S. § 3802(a)(1) (general impairment) where Appellee refused chemical testing and had a prior DUI.  The Commonwealth acknowledges that the panel decision in ***Commonwealth v. Musau***, 69 A.3d 754 (Pa.Super. 2013), is applicable herein.  In ***Musau***, a panel of this Court concluded that a defendant who is convicted of DUI under 75 Pa.C.S. § 3802(a)(1), refused chemical testing for the offense in question, and had a prior DUI could be sentenced to a maximum of only six months.  The Commonwealth maintains that ***Musau***

was erroneously decided in that it improperly construed 18 Pa.C.S. § 3803. As we are bound by the decision in question, we affirm.

Appellee was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1), which prohibits a person from driving a vehicle after consuming a sufficient amount of alcohol so as to render him incapable of safely driving. The offense was graded as a first degree misdemeanor. He additionally was charged with fleeing the scene of an accident involving damage to a vehicle, driving under DUI-related suspension, and four other summary offenses. On March 15, 2013, Pennsylvania State Trooper Robert Schmid was on duty and, at approximately 2:00 a.m., was called to the scene of a hit-and-run accident on Interstate 83 North. The driver of the struck vehicle, Richard Druck, reported that he was traveling in the right lane of the highway when a black Jeep Cherokee approached him rapidly from behind, hit the rear of his vehicle, entered the left lane of I-83 and drove away. Mr. Druck had the Jeep's license plate number, and Trooper Schmid viewed damage to the rear bumper and trunk of Mr. Druck's car.

The black Jeep was registered to Appellee's wife, Amanda, at an address in Enola, Pennsylvania. Two East Pennsboro police officers traveled to the residence, observed the vehicle in question parked in the driveway, and contacted Trooper Schmid. They reported that the Jeep had front-end damage consistent with involvement in a collision and that it just had been operated since its engine and exhaust were warm when touched. Trooper

Schmid went to the residence, and Appellee's wife answered the door. She told Trooper Schmid that Appellee had been driving the Jeep and recently arrived home. Trooper Schmid asked to speak to Appellee, and Amanda attempted to rouse Appellee, who was sleeping in a bedroom on the second floor. When Trooper Schmid heard Amanda unable to get Appellee to comply with her request to come downstairs, the police officer traveled upstairs. He observed Appellee struggling to put on his pants. He displayed signs of extreme intoxication and was arrested. After Trooper Schmid disseminated the legal warnings about the consequences of a failure to submit to blood alcohol testing, Appellee refused to have his blood drawn.

On September 23, 2013, Appellee pled guilty to DUI, leaving the scene of an accident, and driving under a DUI-related suspension. The other summary offenses were dismissed. Appellee was sentenced on November 18, 2013. After the Commonwealth acknowledged that the applicable maximum sentence was six months, Appellee received six months intermediate punishment for the DUI. He was jailed for ninety days and given twelve months probation for the other two offenses.

The Commonwealth filed this appeal and complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement, wherein the Commonwealth maintained: "The sentencing court erred when it determined that six months for the Defendant's driving under the influence (refusal) conviction was the maximum allowable sentence." Statement of Matters Complained of on

Appeal, 1/6/14, at 1. The Commonwealth raises that same contention herein. Commonwealth's brief at 4.[1] On appeal, the Commonwealth presents one contention: "Whether the sentencing court erred when it held that six months for the defendant's driving under the influence (refusal) (2nd offense) conviction was the statutory maximum allowable sentence it could consider." Commonwealth's brief at 4.

The question of the legal maximum sentence for a second DUI conviction involving a BAC refusal relates to the legality of the sentence imposed. **Musau**, **supra**. "Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa.Super. 2014).

As the Commonwealth concedes, **Musau**, **supra**, applies herein, and the trial court's sentence was based upon application of that decision. Musau was convicted of DUI general impairment under § 3802(a)(1) and refused BAC testing at the time of his DUI arrest. Musau also had a DUI

_____

[1] Although the Commonwealth failed to object in the trial court to application of a six-month maximum sentence, as noted in the text, *infra*, this issue relates to the legality of the sentence imposed. "One class of issues that has traditionally not needed to be preserved through presentation to the court below involves what has been called the 'legality' of a criminal sentence." **Commonwealth v. Boyd**, 73 A.3d 1269, 1271 (Pa.Super. 2013). Hence, this claim is preserved for purposes of appeal.

conviction within the ten years prior to the offense at issue. He was sentenced to ninety days to five years imprisonment, and, on appeal, he contended that the statutory maximum sentence that could be imposed was six months. We agreed and reversed the sentence.

Our decision rested upon application of language in 75 Pa.C.S. § 3803. We reached our result by finding a conflict between 75 Pa.C.S. § 3803(a)(1) and § 3803(b)(4). The first provision states:

> **(a) Basic offenses.--**Notwithstanding the provisions of subsection (b):
>
> (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

75 Pa.C.S. § 3803(a)(1). On the other hand, § 3803(b)(4) provides, "(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree." 75 Pa.C.S. § 3803(b)(4). A first-degree misdemeanor is punishable by a maximum of five years imprisonment. 18 Pa.C.S. § 106(b)(6); 18 Pa.C.S. § 1104(1).

The defendant in *Musau* argued that the use of the term "notwithstanding" meant "nevertheless," or "in spite of," and maintained that the explicit language of § 3803(a)(1) overrode § 3803(b)(4)'s indication

that a § 3802 (a)(1) conviction with a refusal and a prior DUI could be punishable as a first degree misdemeanor with a five-year maximum. The Commonwealth countered with a different statutory construction that gave § 3803(b)(4) controlling effect over § 3803(a)(1). The panel in *Musau* adopted the interpretation of § 3803 advanced by the defendant and rejected the position that his maximum sentence could be five years. Instead, it ruled that six months imprisonment was the maximum sentence that can be imposed for a second DUI offense involving BAC refusal.[2]

*Musau* applies to Appellee. He was convicted of DUI general impairment under § 3802(a)(1), refused BAC testing, and had a prior DUI. Thus, that case provides that the maximum sentence applicable in this case was six months. The Commonwealth suggests that our decision in *Commonwealth v. Barr*, 79 A.3d 668 (Pa.Super. 2013), compels a different result. However, *Barr* did not involve an interpretation of the conflicting provisions of § 3803 and in no way can be construed as invalidating *Musau*. Instead, in that decision, we held that the question of whether a defendant refused BAC testing had to be submitted to a jury and proven beyond a reasonable doubt.

---

[2] We noted in *Commonwealth v. Concordia*, 2014 PA Super 155 n.1 that the Commonwealth's interpretation of § 3803 was logical.

The Commonwealth also implies that the grant of allowance of appeal in *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013), should impact upon our decision herein. In *Mendez*, our Supreme Court agreed to review the propriety of the memorandum decision in *Commonwealth v. Mendez*, 62 A.3d 456 (Pa.Super 2012). In *Mendez*, over President Judge Emeritus McEwen's dissent, we utilized the rules of statutory construction now advanced by the Commonwealth herein. The majority found that § 3803(b)(4) rather than § 3803(a)(1) applied to a § 3802 (a)(1) DUI conviction as a second offense where the defendant refused BAC testing. Our Supreme Court granted review of that decision as follows: "In upholding a sentence that exceeds the statutory maximum explicitly set out in 75 Pa.C.S. § 3803, did not the majority violate the rules of statutory construction in order to avoid what it saw as 'problematic consequences' resulting from a straightforward application of the statute?" *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013).

We cannot read any particular outcome as to this grant of allowance of appeal, and it certainly cannot be viewed as an intention by our Supreme Court to overrule *Musau* and affirm *Mendez*. Thus, the grant of allowance of appeal has no impact herein.

Using the tools of statutory construction, the Commonwealth also persuasively argues that *Musau* was wrongly decided and suggests that we interpret § 3803 so as to permit a five-year maximum in this case. ***See***

*e.g.*, Commonwealth's brief at 13 ("The **Musau** reading of the statue creates absurd results contrary to the legislative intent."). The Commonwealth devotes a significant amount of compelling analysis to support its position that a five-year maximum sentence is permitted in this action. While, as outlined in **Concordia, supra** at n.2, this position may have merit, we cannot overrule **Musau** because we are bound by that decision.

As we observed in **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa.Super. 2006): "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, **Commonwealth v. Hull**, 705 A.2d 911, 912 (Pa.Super. 1998), except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court. **Commonwealth v. Prout**, 814 A.2d 693, 695 n.2 (Pa.Super. 2002)." We also observed in **Pepe** that, even when our Supreme Court has granted an appeal for purposes of determining the question before the panel deciding a case, the prior panel's decision nevertheless remains binding. **See also Regis Insurance Co. v. All American Rathskeller, Inc.**, 976 A.2d 1157, 1161 n.6 (Pa.Super. 2009) (Superior Court panel lacked the power to disregard and overrule binding prior panel decision). Hence, we are compelled to affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/20/2014</u>