J-S65029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOANNE GIAMPA, | |
| Appellant | No. 653 EDA 2014 |

Appeal from the Judgment of Sentence of October 7, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007475-2012

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 30, 2014**

Appellant, Joanne Giampa, appeals from the judgment of sentence

entered on October 7, 2013.  We affirm in part, vacate in part, and remand.

The trial court summarized the factual background of this case as

follows:

> On May 20, 2012, at approximately 2:00 a.m., John Schlossman
> [("Schlossman")] . . .  heard a terrible crash outside of his open
> window.  Upon hearing the crash[,] Schlossman immediately
> called 911.  Both the police and ambulance responded to the
> scene.
>
> At trial, Schlossman testified that a white Honda had hit the
> maple tree located on his property with such a force that the
> vehicle bounced back into the road.  He also noted that his
> mailbox was completely destroyed.  Although Schlossman didn't
> see the driver of the vehicle that night, a couple days after the
> accident Appellant came to his home wanting to see the damage
> she caused and to apologize.

---

* Retired Senior Judge assigned to the Superior Court.

Next to testify was Pennsylvania State Trooper Joseph Miller of the Skippack Barracks who responded to the scene of the one-vehicle crash. He observed a white SUV in the roadway, which[,] based on the tire marks[,] he determined [had] struck the tree on [Schlossman's] property. He also observed Appellant being placed in the ambulance. [Trooper Miller] went to the rear of the ambulance where Appellant was seated on a stretcher. Appellant told Trooper Miller that she was on her way home from her place of employment at Cloud 9. Appellant denied any memory of the crash. She did admit to [Trooper Miller] that she had had four beers earlier that night, but it had been hours since her last drink. Trooper Miller observed during his conversation with Appellant that her actions were slow and lethargic, her eyes were bloodshot, she was swaying[,] and that there was a strong presence of alcohol coming from her person and her breath. Trooper Miller did not have Appellant complete any field sobriety tests because she was complaining of neck and back pain and he did not want to put her in danger of further injury. Having determined that Appellant appeared impaired, [Trooper Miller] followed the ambulance to Lehigh Valley Hospital. At the hospital emergency room, Trooper Miller read to Appellant her warnings and implied consent. Appellant refused testing. [Trooper Miller] ultimately arrested Appellant for DUI. . . .

The defense presented the testimony of Daniel Lagonegro, the man who helped remove Appellant from her car after the crash. He testified that he didn't notice any signs of intoxication. Appellant also testified on her own behalf. Although Appellant denied having had any beer as [Trooper Miller] suggested, she did admit on direct examination and on cross-examination to having had three shots of vodka immediately before she left Cloud 9. Appellant admitted that right after she had those shots she got behind the wheel. Appellant explained that she did the shots and left work because she had "been very careful since her very first DUI, and she did them just to calm down and relax when she got home. She knew she only had a seven minute ride home." Appellant blamed the crash on her swerving to avoid a deer that had jumped out into the roadway. Other than that fact, Appellant remembered nothing more about the crash. Appellant further testified that a lot of what happened after the accident was fuzzy, because she was distressed, confused[,] and in pain.

Trial Court Opinion, 3/24/14, at 1-4 (internal alterations, citations, and honorifics omitted).

The procedural history of this case is as follows. On November 21, 2012, Appellant was charged via criminal information with driving under the influence – incapable of safe driving.[1] On July 31, 2013, Appellant was found guilty at a bench trial. On October 7, 2013, the trial court sentenced Appellant to 90 days to 60 months' imprisonment. On October 18, 2013, Appellant filed an untimely post-sentence motion. On February 25, 2014, Appellant filed a notice of appeal.[2] On April 24, 2014, this Court issued a rule to show cause why this appeal should not be quashed.[3] On April 30, 2014, the trial court denied Appellant's post-sentence motion.

Appellant presents two issues for our review:

1. Where a police officer's opinion is based on a crash, an odor of alcohol, bloodshot eyes, and an admission of drinking—did the Commonwealth present sufficient evidence [Appellant] could not drive safely?

2. Is the trial court's sentence here illegal?

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] On February 25, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On March 14, 2014, Appellant filed her concise statement. On March 24, 2014, the trial court issued its Rule 1925(a) opinion. Both issues raised on appeal were included in Appellant's concise statement.

[3] Although this Court's rule to show cause used the word dismissed, it is evident that this Court meant quashed.

Appellant's Brief at 5 (footnote omitted).

The Commonwealth and the trial court both contend that this appeal is untimely. "Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of the other issues raised by [Appellant] before determining whether the appeal was timely filed." *Coulter v. Ramsden*, 94 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted). Whether an appeal is untimely presents a pure question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Williams*, 2014 WL 3672870, *2 (Pa. July 21, 2014) (citation omitted).

"In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3). If a timely post-sentence motion is filed, the notice of appeal must be filed within 30 days of the order disposing of the post-sentence motion. Pa.R.Crim.P. 720(A)(2). An untimely post-sentence motion does not toll the 30-day appeal period. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1034 (Pa. Super. 2014) (citation omitted). A post-sentence motion is timely if filed within ten days of the judgment of sentence. Pa.R.Crim.P. 720(A)(1).

In this case, Appellant's judgment of sentence was imposed on October 7, 2013. Therefore, the deadline for filing a timely post-sentence motion was October 17, 2013. As Appellant's post-sentence motion was

filed on October 18, 2013, it was untimely and did not toll the 30-day appeal period. Therefore, under Rule 903, Appellant had until November 6, 2013 to file her notice of appeal. As Appellant's notice of appeal was filed on February 25, 2014, it appears on its face to be untimely.

Appellant argues, however, that we have jurisdiction over this appeal as there was a breakdown in the judicial process. Specifically, she contends that the trial court erred by not informing her that she had ten days to file a post-sentence motion and that her notice of appeal had to be filed within 30 days. As this Court has explained:

> Generally, an appellate court cannot extend the time for filing an appeal. Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court. Thus, before our Court may quash the instant appeal, we must determine whether an administrative breakdown in the court system excuses the untimely filing of the notice of appeal.
>
> The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of h[er] post-sentence and appellate rights or misadvised h[er].

***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008).

In this case, the trial court failed to notify Appellant, at the time of sentencing, of her post-sentence and appellate rights. ***See generally*** N.T., 10/7/13. This was a breakdown in the judicial process. Accordingly, we are constrained to conclude that, despite the untimely filing of Appellant's notice of appeal, we have jurisdiction to consider the merits of this appeal.

- 5 -

Having determined that we have jurisdiction over this appeal, we proceed to consider the merits of the issues raised by Appellant. She first contends that the evidence was insufficient to find her guilty of driving under the influence. "Whether sufficient evidence exists to support the verdict is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Patterson**, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Kearney**, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted). "Additionally, the evidence at trial need not preclude every possibility of innocence. . . . [T]he fact-finder is free to believe all, part[,] or none of the evidence." **Commonwealth v. Trinidad**, 90 A.3d 721, 728 (Pa. Super. 2014) (citation omitted).

In order to be found guilty of driving under the influence- incapable of safe driving, "the Commonwealth [must] prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." **Commonwealth v. Teems**, 74 A.3d 142, 145 (Pa. Super. 2013) (internal quotation marks and citation omitted). There is no dispute that Appellant

was operating her vehicle. As to the second element, we have explained that,

> to establish that one is incapable of safe driving the Commonwealth must prove that alcohol has substantially impaired the normal mental and physical faculties required to operate the vehicle safely; "substantial impairment" means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions.

*Commonwealth v. Kerry*, 906 A.2d 1237, 1241 (Pa. Super. 2006) (internal alteration, ellipsis, and citation omitted).

When viewed in the light most favorable to the Commonwealth, the evidence was sufficient to sustain the Commonwealth's burden of proof. Appellant conceded that she had several shots prior to leaving work. N.T., 7/31/13, at 57. Trooper Miller testified that there was a "strong presence of alcohol coming from her person and her breath[.]" *Id.* at 20. Evidence that there was a strong odor of alcohol emanating from Appellant may be used to satisfy the Commonwealth's burden of proof in a general impairment case. *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009). Trooper Miller likewise testified that Appellant was swaying. N.T., 7/31/13, at 20. Again, this too is evidence that can be used to prove general impairment. *See Schindler v. Commw., Dep't of Transp., Bureau of Driver Licensing*, 976 A.2d 601, 604 (Pa. Cmwlth. 2009), *appeal denied*, 983 A.2d 1250 (Pa. 2009) (citation omitted).

Trooper Miller also testified that Appellant had bloodshot eyes. N.T., 7/31/13, at 20. This is also among the types of evidence that the Commonwealth may introduce to satisfy its burden of proof in a general impairment case. *Segida*, 985 A.2d at 879. Trooper Miller testified that Appellant's "actions were slow[ and] lethargic." N.T., 7/31/13, at 20. Such evidence may be used to satisfy the Commonwealth's burden of proof in a general impairment case. *See Commonwealth v. DiPanfilo*, 993 A.2d 1262, 1268 (Pa. Super. 2010), *appeal denied*, 40 A.3d 120 (Pa. 2012). Lastly, the record shows that Appellant drove off the road and into a tree. Thus, when taken as a whole, and viewed in the light most favorable to the Commonwealth, there was sufficient evidence that Appellant was incapable of safe driving due to her consumption of alcohol.

Appellant raises several fact-based contentions in support of her sufficiency claim. Specifically, Appellant attributes her physical condition following the accident to shock, points to contradictory evidence showing the absence of slurred speech and the odor of alcohol, and claims that the presence of a deer on the roadway caused the accident. Appellant essentially asks us to reweigh the evidence introduced at trial. Since our standard of review forbids this approach to appellate review, Appellant is not entitled to relief on her sufficiency challenge.

Next, Appellant contends that her sentence is illegal. Both the trial court and the Commonwealth concede that Appellant's sentence is illegal.

*See* Trial Court Opinion, 3/24/14, at 15-17; Commonwealth's Brief at 21. "A claim that the trial court imposed an illegal sentence . . . is a question of law." **Commonwealth v. Orie**, 88 A.3d 983, 1020 (Pa. Super. 2014), *appeal denied*, 172 WAL 2014 (Pa. Sept. 17, 2014) (internal quotation marks and citations omitted). Therefore, our standard of review is *de novo* and our scope of review is plenary.

In this case, Appellant was sentenced to 90 days to 60 months' imprisonment for her second DUI with refusal to submit to chemical testing. In **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), this Court held that the statutory maximum for a second DUI with refusal to submit to chemical testing is six months' imprisonment.[4] **Id.** at 758. Thus, we concluded that the defendant's sentence of 90 days to 60 months' imprisonment was illegal. **Id.** As the circumstances in this case are identical to those in **Musau**, we likewise conclude that Appellant's sentence is illegal. We therefore vacate her judgment of sentence and remand for resentencing.

Rule to show cause discharged. Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

---

[4] On September 9, 2014, our Supreme Court heard oral argument in a case to determine whether this Court's decision in **Musau** was correct. **See Commonwealth v. Mendez**, 32 EAP 2014.

J-S65029-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2014