COMMONWEALTH of Pennsylvania,
Appellee

v.

John M. MUSAU, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 8, 2013.
Filed June 28, 2013.
Reargument Denied August 29, 2013.

Karl Baker, Robin Forrest, Public Defenders, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: LAZARUS, J., OTT, J., and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:

John M. Musau (Appellant) appeals from his judgment of sentence of 90 days to 5 years of imprisonment following his conviction for driving under the influence (DUI), 75 Pa.C.S. § 3802(a)(1). We vacate Appellant's judgment of sentence and remand for resentencing consistent with this opinion.

At 3:45 a.m. on June 11, 2010, Officer Felicia Seabron of the Philadelphia Police found Appellant in the driver's seat of a vehicle stopped in front of a fire hydrant. The engine was running, the car was in gear, and Appellant's foot was on the brake. When Officer Seabron knocked on the window, Appellant put the car in park and took the keys out of the ignition. Appellant, who smelled of alcohol, had bloodshot eyes, and could barely stand, also could produce no driver's license, registration, or proof of insurance. Appellant was taken to police headquarters where he refused to submit to chemical testing.

Upon these facts, the trial court convicted Appellant of DUI. Because Appellant refused testing and had a prior DUI conviction, the trial court graded Appellant's offense as a first-degree misdemeanor pur-

* Retired Senior Judge assigned to the Superior Court.

suant to 75 Pa.C.S. § 3803(b)(4). Accordingly, the trial court sentenced Appellant to incarceration for a minimum of 90 days to a maximum of 5 years, to be served on 45 consecutive weekends with immediate parole after serving the first weekend. This timely appeal followed. Both Appellant and the trial court complied with Pa. R.A.P. 1925.

■ In his concise statement filed pursuant to Rule 1925(b), Appellant challenged only the sufficiency of the evidence to sustain his conviction, and the trial court's opinion addresses that issue alone. However, in his brief on appeal, Appellant abandons that argument and instead asks this Court to consider the legality of his sentence. "As long as the Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived." *Commonwealth v. Stein,* 39 A.3d 365, 367 (Pa.Super.2012). Therefore, we will address the issue which Appellant presents in the first instance to this Court: "[i]s not six months [of] incarceration the maximum permissible sentence, pursuant to 75 Pa.C.S. § 3803(a), for a second conviction for [DUI] under § 3802(a), notwithstanding the offense's grading as a first-degree misdemeanor?" Appellant's Brief at 3.

Before we examine the language of the statute at issue, we consider the applicable rules of statutory construction. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a).

> In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:
>
> (1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

> (2) That the General Assembly intends the entire statute to be effective and certain.

1 Pa.C.S. § 1922.

■ Further, if two statutes appear to conflict, they are to be construed by giving effect to both when possible. *See Commonwealth v. Hansley,* 616 Pa. 367, 47 A.3d 1180, 1186 (2012). "When the conflict between the provisions cannot be reconciled, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." *Id.* (internal quotation omitted).

■ Finally, penal statutes must be strictly construed. *Commonwealth v. Dixon,* 53 A.3d 839, 846 (Pa.Super.2012). However, "the rule of lenity itself has limits." *Commonwealth v. Wilgus,* 615 Pa. 32, 40 A.3d 1201, 1210 (2012).

> The need for strict construction does not require that the words of a penal statute be given their narrowest possible meaning or that legislative intent be disregarded, nor does it override the more general principle that the words of a statute must be construed according to their common and approved usage. It does mean, however, that where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. More specifically, where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt. Significantly, a court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope.

*Id.* (quoting *Commonwealth v. Booth,* 564 Pa. 228, 766 A.2d 843, 846 (2001)).

We now turn to section 3803 of the vehicle code, which provides in relevant part as follows.

**(a) Basic offenses.**—Notwithstanding the provisions of subsection (b):

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

\* \* \*

**(b) Other offenses.**—

\* \* \*

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803. The statutory maximum sentence for misdemeanors of the first degree is five years' imprisonment. 18 Pa.C.S. § 106(b)(6), (e).

Appellant does not dispute that his conviction properly was graded as a first degree misdemeanor, which he acknowledges is required by "the plain language of subsection (b)(4)." Appellant's Brief at 8. However, Appellant also claims that "[i]t is equally clear from the statute that subsection (a) dictates that the maximum sentence [A]ppellant could receive for this particular offense is six months [of] incarceration." *Id.* Because the word "notwithstanding" is defined as " 'nevertheless' or 'in spite of,' " Appellant argues that "the

statute clearly indicates that while subsection (b) dictates the grading of a second offense where there is a BAC refusal, subsection (a) dictates the maximum punishment for that offense." *Id.* at 9.

The Commonwealth claims that Appellant's construction would cause "an entire statutory subsection to be a legal nullity." Commonwealth's Brief at 6. The Commonwealth contends that Appellant's interpretation of subsection (a) "renders subsection (b) of the statute mere (and non-effectual) surplusage and precludes the imposition of the more stringent sentencing provision set forth" in subsection (b)(4). *Id,* at 5–6. It is the Commonwealth's position that "the term 'notwithstanding' gives section 3803(b)(4) legal effect independent of section 3803(a), and that its effect is to enable courts to punish repeat DUI offenders with a more stringent sentence if they refuse to submit to alcohol testing." *Id,* at 6.

■ We are constrained to agree with Appellant. The American Heritage Dictionary defines the word notwithstanding as "in spite of" or "although." American Heritage Dictionary of the English Language 1203–04 (4th ed. 2006). Our Supreme Court has defined "notwithstanding" as "regardless of." *See City of Philadelphia v. Clement & Muller,* 552 Pa. 317, 715 A.2d 397, 399 (1998) (holding that the plain meaning of the phrase "notwithstanding a contrary provision of law of the Commonwealth ..." is "regardless of what any other law provides ..."). Given these definitions, the Commonwealth's interpretation might be persuasive if the legislature had instead prefaced subsection (a) with "except as provided in subsection (b)," [1] or began

---

1. In fact, within the same act which amended section 3803 to add the "notwithstanding" language at issue, the legislature amended section 3804(a), which provides the penalties for DUI—general impairment convictions, to read "[e]xcept as stated in subsection (b)

subsection (b) with "notwithstanding the provisions of subsection (a)." But it did not. Therefore, we hold that the plain language of the statute, giving the words their ordinary meanings, indicates as follows: regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment.

■ In claiming that giving the language of the statute its plain meaning results in the nullification of subsection (b), the Commonwealth conflates grading and sentencing. As this Court has noted, "[i]t is entirely possible for the legislature to have different motives when grading an offense and fixing its punishment." *Commonwealth v. Ruffin*, 16 A.3d 537, 543 (Pa.Super.2011) (holding that a clear indication that the legislature intended to elevate the grading of fleeing or attempting to elude police did not necessarily evidence an intent to punish the crime more severely). *See also Commonwealth v. Davis*, 421 Pa.Super. 454, 618 A.2d 426, 430 (1992) (*en banc* ) ("[T]he express classification of possession of marijuana as a misdemeanor in the Controlled Substance Act is clear evidence of the General Assembly's intent to grade the offense as a misdemeanor rather than a summary offense, notwithstanding that the sentence for the offense is consistent with a summary offense."). As Appellant acknowledges, his offense is graded as a first-degree misdemeanor as a consequence of his refusal of BAC testing; rather than as an ungraded misdemeanor as it

would otherwise have been. Contrary to the Commonwealth's claim, subsection (b)(4) is not rendered a nullity by giving "notwithstanding" its plain meaning.

Further, our interpretation is consistent with the rule that the specific trumps the general. *See Hansley, supra*. The statute relied upon by the Commonwealth to establish a five-year maximum sentence for Appellant's first-degree misdemeanor conviction, 18 Pa.C.S. § 106, is a general provision of the crimes code that classifies offenses. The statute's provision of a five-year maximum for misdemeanors of the first degree has not been amended since its enactment in 1972. Section 3803 of the vehicle code, amended to its present form in 2004, specifically provides a six-month maximum sentence for a first or second DUI conviction.

■ Accordingly, we hold that that the maximum sentence allowable for Appellant's conviction is six months' imprisonment.[2] This holding renders Appellant's sentence of 90 days to five years of imprisonment illegal. Therefore, we must vacate Appellant's judgment of sentence and remand the case for resentencing.

Judgment of sentence vacated. Case remanded for resentencing consistent with this opinion. Jurisdiction relinquished.

---

[which provides penalties for aggravated DUI offenses such as high rate of blood alcohol] or (c) [which provides penalties for highest rate of blood alcohol and controlled substances]...." 75 Pa.C.S. § 3804(a). Clearly the legislature was aware of the difference between "notwithstanding" and "except."

2. If the legislature did not in fact intend to create a lesser maximum sentence for the first-degree misdemeanor of a first or second DUI with refusal than is permissible generally for misdemeanors of the first degree, such an "oversight is best left to the Legislature to correct." *Commonwealth v. Gordon*, 992 A.2d 204, 207 n. 8 (Pa.Super.2010).