2015 PA Super 36

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVE EDWARD WILSON, | |
| Appellant | No. 1976 WDA 2013 |

Appeal from the Judgment of Sentence entered November 14, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009856-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and ALLEN, J.

DISSENTING OPINION BY BENDER, P.J.E.:          **FILED FEBRUARY 18, 2015**

I must respectfully dissent from the Majority's conclusion that the trial court did not impose an illegal sentence when it sentenced Appellant to a term of twelve months' probation.  Having analyzed the applicable statute, I believe the provisions dictate that the maximum sentence the court could have imposed was six months' supervision.  Accordingly, I would vacate Appellant's judgment of sentence, and remand for resentencing.

In ***Commonwealth v. Musau***, 69 A.3d 754 (Pa. Super. 2013), our Court analyzed a statute that, as here, simultaneously graded a DUI offense as a first-degree misdemeanor, and set a six-month maximum sentence for that offense.   Relying on the rules of statutory construction, this Court held that the maximum sentence for that offense was six months, notwithstanding the fact that the maximum sentence for a first-degree misdemeanor is five years.

*Musau* involved the interpretation of 75 Pa.C.S. §§ 3803 (a)(1), and (b)(4). The first-degree misdemeanor grading was specified by subsection (b)(4) of the statute. Subsection (a)(1), which specified the six-month maximum sentence, began, "Notwithstanding the provisions of subsection (b)...." 75 Pa.C.S. §§ 3803(a)(1). As "notwithstanding" means "regardless of," this Court interpreted the statute to read the six-month mandatory sentence in (a) applied *regardless of* the enhanced grading in (b). Consequently, the plain language of that statute explicitly dictates both enhanced grading and a six-month maximum sentence.

I acknowledge that the provisions before us, 75 Pa.C.S. §§ 3803 (b)(1) and (b)(5), are not identical to the provisions in *Musau*. As in *Musau*, the provisions before us also specify a six-month maximum sentence, and the direct grading of the offense in question as a first-degree misdemeanor. However, the provisions in the instant case do not contain signaling language such as "notwithstanding," or its opposite, "except as provided in," to guide us in determining how the subsections relate to one another.

Nevertheless, I believe that by applying the analysis supporting the *Musau* Court's holding, the statute in the instant case also dictates the application of a six-month maximum sentence. Therefore, I am constrained to dissent from the Majority's decision.

The provisions at issue are as follows. 75 Pa.C.S. § 3803 (b)(1) states in applicable part: "An individual … who violates section 3802(b) … and who has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six

months." 75 Pa.C.S. § 3803 (b)(5) states: "An individual who violates section 3802 where a minor under 18 years of age was an occupant in the vehicle when the violation occurred commits a misdemeanor of the first degree."

I do not believe that the language of the provisions in the instant case is unclear, even though it does not contain the word "notwithstanding." In fact, the **Musau** Court noted that the plain language of the words of the statute in the allegedly conflicting provisions actually dealt with two discrete matters that should not be conflated, *i.e.*, grading and sentencing. This Court acknowledged that it is "entirely possible for the legislature to have different motives" in dealing with these matters separately (and acknowledged several occasions on which the legislature had chosen to elevate the grading of an offense without enhancing the punishment). **Musau**, 69 A.3d at 758. As such, it cannot be said that an interpretation giving effect to both of the provisions in question violates the rules of statutory interpretation by dictating "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922. Our Court has held the precise result dictated by the instant statute – a DUI graded as a first-degree misdemeanor with a maximum sentence of six months – is not absurd.[1] **Musau**, 69 A.3d at 758. Moreover, even if we conclude that the

---

[1] In its Opinion, the Majority states that "**Musau** has been called into doubt" by a subsequent decision of this Court. Majority Opinion at 8 n.3. The Majority refers to dicta in a footnote regarding the applicability of section 3803's provisions to defendants who refuse BAC testing, which is not an issue in the instant case. **Commonwealth v. Concordia**, 97 A.3d 366, 369 n. 2 (Pa Super. 2014). Moreover, that footnote concludes,
*(Footnote Continued Next Page)*

provisions in question could not be reconciled, the reasoning supporting the *Musau* Court's holding establishes that the six-month maximum sentence applies in the instant case. The *Musau* Court stated "our interpretation is consistent with the rule that the specific trumps the general." *Id.* In so concluding, the Court stated that 18 Pa.C.S. § 106(b)(6), the provision that makes five years the maximum sentence for first-degree misdemeanors, was a general provision. The *Musau* Court further concluded that 75 Pa.C.S. § 3803(a)(1), which dictated a six-month maximum sentence for the crime the appellant was convicted of, was a specific provision.

The *Musau* Court could have analyzed the ostensibly conflicting provisions of subsections 3803 (a)(1) and (b)(4), when determining which of the provisions in question was general and which was specific. They did not interpret the statute in this manner. Consequently, I believe the Majority incorrectly compares subsections (b)(1) and (b)(5) of 18 Pa.C.S. § 3803 to determine which provision is specific and, therefore, controlling. In light of *Musau*, we are required to compare 75 Pa.C.S. § 3803(b)(1) and 18 Pa.C.S. § 106 to make this determination.

This means that our comparison is identical to the *Musau* Court's. I believe that the outcome of our comparison must be the same as the *Musau* Court's as well. In other words, the provision amended in 2004, section 3803, is a specific provision, and the provision amended in 1972, section 106, is a general provision. Therefore, I would conclude that the trial court

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯

"Notwithstanding this interpretation, *Musau* is the current law and binding on this panel." *Id.*

could have imposed a sentence of no longer than six months when it sentenced Appellant. As Appellant's sentence of twelve months' probation exceeds the statutory six-month maximum, I believe his sentence is illegal, and I would vacate Appellant's judgment of sentence.