J-S15039-15, J-S15040-15, J-S15042-15, J-S15043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYAN GERARD WEIPERT | |
| Appellee | No. 1380 MDA 2014 |

Appeal from the Order Entered July 15, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000642-2014

_____

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KENNETH J. STEWART, SR. | |
| Appellee | No. 1585 MDA 2014 |

Appeal from the Judgment of Sentence August 19, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003355-2014

_____

COMMONWEALTH OF PENNSYLVANIA

        Appellant

        v.

NATHAN MICHAEL MINNICH

        Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1740 MDA 2014

Appeal from the Judgment of Sentence September 18, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004281-2014

_____

COMMONWEALTH OF PENNSYLVANIA

        Appellant

        v.

DUSTIN BLAKELY GROFF

        Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1742 MDA 2014

Appeal from the Judgment of Sentence September 16, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004054-2014

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:        **FILED MARCH 20, 2015**

    In each of these cases, the trial court sentenced the defendants to 90

days – 6 months' imprisonment for their second driving under the influence

("DUI")[1] offenses despite their refusal to submit to chemical testing. The trial court determined that each defendant's maximum term of imprisonment was six months under 75 Pa.C.S. § 3803(a), notwithstanding the Commonwealth's objection that a second DUI offense with a refusal to submit to blood testing is a first degree misdemeanor that carries a maximum of five years. In each case, the trial court wrote in its Pa.R.A.P. 1925(a) opinion that **Commonwealth v. Musau**, 69 A.3d 754 (Pa.Super.2013), mandated that each defendant's sentence could not exceed a maximum of six months.

The Commonwealth timely appealed each defendant's sentence on the ground that the maximum sentence for second DUI offenders who refuse to submit to blood testing is five years.[2] We affirm each judgment of sentence based on this Court's decision in **Musau**.

The facts in each case are straightforward:

*Commonwealth v. Weipert*: On January 16, 2014, Bryan Weipert was arrested for DUI, his second such offense, but he refused to submit to blood testing. On October 15, 2014, following a guilty plea, the trial court sentenced Weipert to 90 days -- 6 months' imprisonment.

*Commonwealth v. Stewart*: On April 26, 2014, Kenneth Stewart was arrested for DUI, his second such offense, but he refused to submit to blood

---

[1] 75 Pa.C.S. § 3802.
[2] By separate order, we have consolidated these appeals *sua sponte*.

testing. On August 19, 2014, following a guilty plea, the trial court sentenced Stewart to 90 days -- 6 months' imprisonment.

*Commonwealth v. Minnich*: On May 26, 2014, Nathan Minnich was arrested for DUI, his second such offense, but he refused to submit to blood testing. On September 18, 2014, following a guilty plea, the trial court sentenced Minnich to 90 days -- 6 months' imprisonment.

*Commonwealth v. Groff*: On May 29, 2014, Dustin Groff was arrested for DUI, his second such offense, but he refused to submit to blood testing. On September 16, 2014, following a guilty plea, the trial court sentenced Groff to 90 days -- 6 months' imprisonment.

Pursuant to **Musau**, we conclude that the trial court correctly limited the defendant's sentence in each case to six months. The trial court in **Musau** found the defendant guilty of DUI, and because the defendant refused testing and had a prior DUI conviction, the trial court graded his offense as a first-degree misdemeanor pursuant to 75 Pa.C.S. § 3803(b)(4) and sentenced him to a minimum of 90 days and a maximum of 5 years' imprisonment.

This Court vacated the defendant's sentence on the ground that his maximum sentence under section 3803(a) was six months. We observed that the relevant provisions of section 3803 provide as follows:

> **(a)** **Notwithstanding** the provisions of subsection **(b)**:
>
> (1) **An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense** commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of **not more than six months** and to pay a fine under section 3804 (relating to penalties).
>
> * * *
>
> **(b) Other offenses.**—
>
> * * *
>
> (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

*Id*. (emphasis added). We acknowledged that section 3803(a)(4) graded his offense as a first degree misdemeanor, which normally carries a maximum sentence of five years' imprisonment under 18 Pa.C.S. § 106(b)(6) and (e). We continued, however, that the plain language of section 3803(a)(1) (bolded above), particularly its use of "notwithstanding the provisions of subsection (b)," restricted the defendant's maximum sentence to six months. We stated:

> The American Heritage Dictionary defines the word notwithstanding as 'in spite of' or 'although.' American Heritage Dictionary of the English Language 1203–04 (4th ed. 2006). Our Supreme Court has defined 'notwithstanding' as 'regardless of.' ***See City of Philadelphia v. Clement & Muller***, [] 715 A.2d 397, 399 (1998) (holding that the plain

> meaning of the phrase 'notwithstanding a contrary provision of law of the Commonwealth ...' is 'regardless of what any other law provides ...'). Given these definitions, the Commonwealth's interpretation might be persuasive if the legislature had instead prefaced subsection (a) with 'except as provided in subsection (b),' or began subsection (b) with 'notwithstanding the provisions of subsection (a).' But it did not. Therefore, we hold that the plain language of the statute, giving the words their ordinary meanings, indicates as follows: regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment.

*Id*., 69 A.3d at 757-58.

At present, our Supreme Court is reviewing the precise question at issue in this case – whether the maximum sentence under section 3803 for a second-time DUI offender who refuses blood testing is six months' imprisonment or five years' imprisonment. *Commonwealth v. Mendez*, 32 EAP 2013. The law may or may not change depending on the outcome of *Mendez*, but as of this date, *Musau* is the controlling decision on this subject.

For these reasons, we affirm each judgment of sentence in these consolidated appeals.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2015