J-A22015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFF L. DAVIS | |
| Appellant | No. 1849 MDA 2013 |

Appeal from the Judgment of Sentence February 27, 2012
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000396-2011
CP-01-CR-0000544-2011

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 09, 2015**

Appellant, Jeff L. Davis, appeals from the judgment of sentence entered by the Honorable Thomas R. Campbell, Court of Common Pleas of Adams County, after a jury convicted Davis of driving under the influence ("DUI") and resisting arrest.  After careful review, we affirm the convictions, but vacate the sentence and remand for resentencing.

Davis was involved in a single vehicle accident on April 9, 2011. Officer Chad Topper of the Cumberland Township Police Department responded to the scene and observed that Davis, who was sitting in the driver's seat of the vehicle, was the only person present.  When the window

_____

[*] Former Justice specially assigned to the Superior Court.

of the vehicle was down, Officer Topper observed a strong odor of alcohol coming from the vehicle. After awakening Davis, Officer Topper noticed that Davis's speech was slurred.

Officer Topper believed that Davis was intoxicated and prepared to arrest Davis. However, Davis became combative, and refused to comply with Officer Topper's directions. Consequently, Officer Topper requested back up before proceeding with Davis. Other officers who responded to Officer Topper's request for back up all testified that they also believed that Davis was severely intoxicated based upon their own observations.

After placing Davis under arrest, Officer Topper advised Davis that he was being transported to a local hospital for blood testing. Davis indicated that he did not consent to the test, and continued to be combative with Officer Topper. After Officer Topper finished reading the DL-26 implied consent form to Davis, Davis refused to sign the form. Davis was subsequently charged with DUI – general impairment with a finding of implied consent refusal, and one count of resisting arrest. After the jury convicted him on both counts, the trial court sentenced Davis to 60 months in an intermediate punishment program. This timely appeal followed.

On appeal, Davis raises two arguments for our review. First, he contends that his convictions were not supported by sufficient evidence, or alternatively, that they were against the weight of the evidence. The argument section of Davis's appellate brief under this argument consists of a

single paragraph that sets forth our standard of review for claims of insufficiency of the evidence. **See** Appellant's Brief, at 9. No authority is cited for his argument on the weight of the evidence. Nor is there any attempt to apply the cited authority for sufficiency of the evidence to facts and circumstance of this case. Further, there is no attempt to identify any specific element that was not established by the evidence presented by the Commonwealth at trial. As Davis has not made even a rudimentary effort at presenting an argument on the sufficiency or weight of the evidence, we find these issues waived. **See Commonwealth v. Veon,** ____ A.3d ____, ____, 2015 WL 500887, *15 (Pa. Super., filed February 6, 2015)

In his second argument, Davis asserts that the sentence imposed by the trial court was illegal.[1] In **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013),[2] the defendant was convicted of DUI. As he had a prior DUI conviction and because he refused chemical testing, the trial court in **Musau**

_____

[1] While Davis includes a Pa.R.A.P. 2119(f) statement in his brief and argues that the trial court abused its discretion by imposing an excessive sentence, he also argues that the sentence imposed "exceeded the statutory maximum[.]" Appellant's Brief, at 8.

[2] On October 29, 2014, the Governor signed Act 189 of 2014 into law (S.B. 1239, Session of 2014, Printer's No. 2396). This is an Act amending various provisions of the Motor Vehicle Code, 75 Pa.C.S.A., and in particular Section 3803(a), the section at issue in **Musau**. Act 189 amends Section 3803(a) by changing "Notwithstanding the provisions of" to "Except as provided in." Section 4(1)(ii) of Act 189, states that the amendment to §3803(a) shall take effect immediately, meaning on October 29, 2014. Since Davis's sentence was entered prior to October 29, 2014, we apply the prior version of the statute.

graded his offense as a first-degree misdemeanor pursuant to 75 Pa.C.S.A. § 3803(b)(4). As a result, the defendant was sentenced according to the sentencing guidelines for a first-degree misdemeanor to a period of 90 days to five years' incarceration. *See id*., at 756. This Court found that such a sentence was illegal because it exceeded the statutory maximum of six months incarceration. *See id*.

In the present case, the trial court's sentence of 60 months in intermediate punishment is likewise illegal. *See* 42 Pa.C.S.A. § 9763(a) (the term of county intermediate punishment imposed cannot exceed the maximum term for which the defendant could be imprisoned)  The Commonwealth urges this Court to ignore *Musau* due to the Supreme Court of Pennsylvania's grant of review of this issue in *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013).  However, the Supreme Court has recently dismissed the appeal in *Mendez* as having been improvidently granted.  *See* 2015 WL 1421402 (Pa., March 30, 2015).  As such, the opinion of this Court in *Musau* remains binding law.  We therefore vacate the judgment of sentence and remand for re-sentencing.

Convictions affirmed.  Judgment of sentence vacated and remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2015