J-A09017-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VERNON K. ROTHWELL, JR., | : | |
| | : | |
| Appellant | : | No. 1557 EDA 2014 |

Appeal from the Judgment of Sentence December 16, 2013,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0006111-2013

BEFORE:  BOWES, DONOHUE and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED APRIL 14, 2015**

In this appeal, Vernon K. Rothwell, Jr. ("Rothwell") appeals from the judgment of sentence entered following his conviction of driving under the influence of alcohol – highest rate of alcohol, 75 Pa.C.S.A. § 3802(c).  We affirm.[1]

Rothwell's conviction is the result of events that occurred on June 25, 2013.  The trial court summarized these events, as well as the relevant procedural history, as follows:

> On June 25, 2013[,] Officer William Righter of the Tinicum Township Police Department was on duty and working patrol when he discovered a blue Pontiac Bonneville in a ditch behind the Wyndam Gardens Hotel in Essington, Pennsylvania.  The vehicle was emitting a large amount of smoke and Office Righter heard the engine being revved. Officer

---

[1] Throughout this memorandum, we refer to the offense of driving under the influence as "DUI".

Righter approached the driver, who was later identified as [Rothwell] … . [Rothwell] was asked to step out of the vehicle and Officer Righter detected a strong odor of alcoholic beverages emanating from his person. [Rothwell's] eyes were blood shot and his speech was slurred. After [Rothwell] was unable to adequately perform several field sobriety tests, he was placed under arrest for [DUI].

On December 16, 2013, [Rothwell] pled guilty to [DUI] [pursuant to 75 Pa.C.S.A. § 3802(c)], a tier III second offense, graded as a misdemeanor of the first degree. Pursuant to the terms of the plea agreement, which [the trial court] accepted, [Rothwell] was sentenced to serve [twenty-four] months of intermediate punishment consisting of ten [] [forty-eight]-hour periods of incarceration, followed by seventy [] days on electronic monitoring, as well as 120 hours of community service. [Rothwell] was additionally sentenced to [three] years of consecutive probation and ordered to pay costs, fines, and all required evaluation.

On March 26, 2014, defense counsel filed a [m]otion for [r]econsideration and to [v]acate an [i]llegal [s]entence. Following argument on the motion, the [trial court] entered an order granting the motion on April 28, 2014. The Commonwealth filed a [m]otion for [r]econsideration the following day. A hearing was held on May 1, 2014, and on May 8, 2014, the [trial] court entered an order granted [sic] the Commonwealth's [m]otion for [r]econsideration and vacated the order entered on April 28, 2014 and reinstated the sentence originally imposed on December 16, 201[3].

Trial Court Opinion, 10/15/14, at 1-2 (footnote omitted). This timely appeal follows.

Rothwell presents one issue for our review: "Whether the sentence imposed by the [trial] [c]ourt on December 16, 2013[] and reinstated by

[o]rder dated May 8, 2014[] is in conformity with the penalty provisions of 75 Pa.C.S.[A.] § 3803(a) and as such legal?" Rothwell's Brief at 4. This Court's scope and standard of review for determining the legality of a sentence are well established. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." *Commonwealth v. Jurczak*, 86 A.3d 265, 267 (Pa. Super. 2014).

Section 3802 of the Motor Vehicle Code defines the offense of DUI. Relevant to the present appeal, it states:

**(a) General impairment**.--

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

(2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(b) High rate of alcohol**.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol

- 3 -

concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle

**(c) Highest rate of alcohol**.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802 (a)-(c).

Section 3803 of the Motor Vehicle Code governs the grading of DUI offenses for sentencing purposes. At the time of Rothwell's sentencing, it read, in relevant part, as follows:

**(a) Basic offenses**.— Notwithstanding the provisions of subsection (b):

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

\*\*\*

**(b) Other offenses**.--

\*\*\*

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

- 4 -

75 Pa.C.S.A. § 3803(a)(1), (b)(1),(4) (rescinded October 26, 2014).[2]

Rothwell recognizes that pursuant to § 3803(b)(4), his offense is a first-degree misdemeanor because he was convicted under § 3802(c) and had a prior DUI conviction. Generally, first-degree misdemeanors are punishable by up to five years of imprisonment. **See** 18 Pa.C.S.A. § 106(b)(6). Yet, Rothwell argues that pursuant to § 3803(a), the trial court could not impose as sentence greater than six months. Rothwell's Brief at 8. Rothwell bases his argument on this Court's decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013). The defendant in **Musau** was convicted of DUI under § 3802(a)(1). Because he had a prior DUI offense and refused blood or breath testing, the trial court graded the defendant's offense as a first-degree misdemeanor pursuant to § 3803(b)(4) and sentenced the defendant to ninety days to five years of incarceration. **Musau**, 69 A.3d at 755-56. On appeal, the defendant argued that pursuant to § 3803(a)(1), the maximum sentence he could receive was six months of incarceration. This Court examined the language of § 3803(a)(1) and (b), and applying principles of statutory construction, concluded as follows:

> The American Heritage Dictionary defines the word notwithstanding as "in spite of" or "although." American Heritage Dictionary of the English Language 1203–04 (4th ed. 2006). Our Supreme

---

[2] Effective October 27, 2104, the first line of subsection (a) was amended to read, "Except as provided in subsection (b)[,]" seemingly as a result of this Court's decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), which we discuss **infra.**

Court has defined "notwithstanding" as "regardless of." ***See City of Philadelphia v. Clement & Muller***, [] 715 A.2d 397, 399 ([Pa.] 1998) (holding that the plain meaning of the phrase "notwithstanding a contrary provision of law of the Commonwealth ..." is "regardless of what any other law provides ..."). Given these definitions, the Commonwealth's interpretation might be persuasive if the legislature had instead prefaced subsection (a) with "except as provided in subsection (b)," or began subsection (b) with "notwithstanding the provisions of subsection (a)." But it did not. Therefore, we hold that the plain language of the statute, giving the words their ordinary meanings, indicates as follows: regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment.

***Id.*** at 757-58.

This holding has no effect on Rothwell, as it addresses only the language in § 3803(a) and (b) with regard to certain convictions of § 3802(a) (DUI – general impairment). Rothwell was convicted of § 3802(c) (DUI – highest rate of alcohol). By the plain language of the statute, § 3803(a) applies only to convictions of DUI – general impairment and does not apply to convictions of DUI – highest rate of alcohol. Further, the language of § 3803 is clear that where a defendant is convicted of DUI – highest rate of alcohol and has one prior DUI conviction, the offense is to be graded as a first-degree misdemeanor. As noted above, the statutory limit for a first-degree misdemeanor is five years of incarceration. Rothwell's sentence does not exceed this limit, and so his sentence is legal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015