J-S66029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
          :            PENNSYLVANIA
        Appellant   :
          :
      v.         :
          :
ANATOLIY BROWN,       :
          :
        Appellee   :    No. 841 MDA 2014

Appeal from the Judgment of Sentence Entered April 17, 2014,
In the Court of Common Pleas of York County,
Criminal Division, at No. CP-67-CR-0000577-2014.

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:           **FILED MAY 07, 2015**

The Commonwealth of Pennsylvania ("the Commonwealth") appeals from the judgment of sentence entered against Anatoliy Brown ("Appellee") on April 17, 2014, in the York County Court of Common Pleas.  After careful review, we affirm.

The trial court set forth the background of this case as follows:

> On April 17, 2014, [Appellee] entered a plea of guilty to driving under the influence of alcohol under 75 Pa. C.S.A. § 3802(a)(1). This offense was [Appellee's] second DUI in the last ten years, so the Commonwealth charged [Appellee] with a Tier III, second offense. Additionally, [Appellee's] DUI was graded as a misdemeanor of the first degree under 75 Pa. C.S.A. § 3803(b)(4) because [Appellee] refused to submit to chemical testing. [Appellee's] DUI was a Tier III due to the refusal. The Court imposed a sentence of imprisonment not less than 45 days and not more than six months plus a fine of $1500. The Defendant was also ordered to complete all other standard DUI conditions.

J-S66029-14

Trial Court Opinion, 6/27/14, at 1-2.

The Commonwealth filed a timely appeal presenting the following question for this Court's consideration:

> Whether the sentencing court erred when it held that six months for [Appellee's] driving under the influence (refusal) (second offense) conviction was the statutory maximum allowable sentence it could consider[?]

Commonwealth's Brief at 4 (full capitalization omitted).

At the time Appellee committed the DUI offense, the relevant portions of the DUI gradation statute read as follows:

> **(a) Basic offenses.**—Notwithstanding the provisions of subsection (b):
>
> > (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).
>
> * * *
>
> **(b) Other offenses.**—
>
> * * *
>
> > (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803.

In **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), a panel of this Court analyzed application of 75 Pa.C.S. § 3803(a)(1) and 75 Pa.C.S. § 3803(b)(4). The **Musau** Court held that a defendant who was convicted of a second-offense DUI under 75 Pa.C.S. § 3802(a)(1) and who refused chemical blood and breath testing could be sentenced to a maximum term of six months of imprisonment, as set forth in 75 Pa.C.S. § 3803(a)(1), despite the fact that the crime is graded as a first-degree misdemeanor that generally is subject to a five-year mandatory minimum term. **Musau**, 69 A.3d at 757-758; 18 Pa.C.S. § 106(b)(6).[1]

Here, the Commonwealth argues that the maximum sentence should be five years because **Musau** was wrongly decided and conflicts with **Commonwealth v. Barr**, 79 A.3d 668 (Pa. Super. 2013).[2] Commonwealth's Brief at 12-14. In support of its position, the Commonwealth asserts that the Pennsylvania Supreme Court's grant of

---

[1] Following this Court's decision in **Musau**, the Pennsylvania Legislature amended 75 Pa.C.S. § 3803(a) by deleting the phrase "[n]otwithstanding the provisions of" and replacing it with "[e]xcept as provided in." 75 Pa.C.S. § 3803 (effective October 27, 2014). However, because Appellee committed his crime on May 17, 2013, before the October 24, 2014 effective date of the amendment, Appellee was subject to the prior version of the statute.

[2] **Barr** did not involve an interpretation of 75 Pa.C.S. § 3803. In **Barr**, this Court held that the determination as to whether a defendant refused chemical testing must be submitted to a jury and proven beyond a reasonable doubt. The holding in **Barr** has no bearing on the precedential value of **Musau**.

allowance of appeal in ***Commonwealth v. Mendez***, 71 A.3d 250 (Pa. 2013), supports its argument that ***Musau*** was decided incorrectly and that "this area of law remains unsettled." Commonwealth's Brief at 12. However, we note that the Supreme Court recently dismissed the appeal in ***Mendez*** as having been improvidently granted. ***Commonwealth v. Mendez***, 32 EAP 2013, 2015 WL 1421402 (Pa. filed March 30, 2015).[3]

After review, we conclude that the Commonwealth is entitled to no relief because we are bound by our holding in ***Musau***. ***See Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006) (stating that "[i]t is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court … except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court."). Accordingly, we affirm Appellee's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2015

---

[3] We are cognizant that the issue decided in ***Musau*** currently is pending *en banc* review before this Court. ***See Commonwealth v. Grow***, 2017 MDA 2013, Order, 9/15/14.