J-S34024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALEXIS CACERES | |
| Appellee | No. 1919 MDA 2014 |

Appeal from the Judgment of Sentence October 30, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000138-2014

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                          **FILED JUNE 23, 2015**

The Commonwealth appeals the judgment of sentence imposed October 30, 2014, on Alexis Caceres by the York County Court of Common Pleas.  Caceres was sentenced to an aggregate term of six months' intermediate punishment, followed by one year of probation, after two separate juries found Caceres guilty of driving under the influence of alcohol ("DUI") and possession of drug paraphernalia.[1]  On appeal, the Commonwealth argues the trial court erred when, relying on **Commonwealth v. Musau**, 69 A.3d 754 (Pa. 2013), *appeal denied*, ___ A.3d ___, 510 EAL 2013 (Pa. June 10, 2015), it determined the statutory

_____

[1] 75 Pa.C.S. § 3802(a)(1) and 35 P.S. § 780-113(a)(32), respectively.  The trial court also found Caceres guilty of possession of a small amount of marijuana.  35 P.S. § 780-113(a)(31).

maximum sentence it could impose on Caceres's conviction was only six months. Because we find this issue is controlled by **Musau**, **supra**, we affirm.

On October 30, 2013, at approximately 2:10 a.m., Caceres was speeding and driving his vehicle in an erratic manner on Route 30 in Helam Township, when he was stopped by police. Because the officers noticed a smell of alcohol emanating from his vehicle and some green leafy matter on his shirt, they directed Caceres to perform two field sobriety tests, which indicated he was under the influence of alcohol. Caceres subsequently refused chemical testing, and was arrested for DUI. The officers later obtained a search warrant for Caceres's vehicle, and recovered a half-smoked marijuana cigarette and two glass smoking devices.

Caceres was arrested and charged with DUI, possession of drug paraphernalia, possession of a small amount of marijuana, and exceeding the speed limit.[2] His case proceeded to a jury trial. On July 10, 2014, the jury returned a verdict of guilty on the charge of possession of drug paraphernalia, but was unable a reach a verdict on the charge of DUI. The court declared a mistrial. Thereafter, the Commonwealth proceeded to retry Caceres on the DUI charge.[3] On July 30, 2014, a second jury returned a

_____

[2] 75 Pa.C.S. § 3362(a)(2).

[3] Prior to the second trial, the court granted the Commonwealth's motion to amend the information to include charges of DUI under Section 3802(d)(2)
*(Footnote Continued Next Page)*

verdict of guilty on the charge of DUI (incapable of safe driving), and specifically found Caceres refused to submit to chemical testing.

On October 30, 2014, Caceres was sentenced, on the DUI offense, to a term of six months' intermediate punishment, with 90 days of house arrest followed by 45 days of work release, and a $1,500 fine.[4] The trial court also imposed a consecutive term of one-year probation for the charge of possession of paraphernalia, and a concurrent term of 30 days' probation for the charge of possession of a small amount of marijuana. This timely Commonwealth appeal followed.[5]

The Commonwealth frames its sole issue on appeal as follows:

> Whether the sentencing court erred when it held that six months for [Caceres's] driving under the influence (refusal) (2nd offense) conviction was the statutory maximum allowable sentence it could consider[?]

Commonwealth's Brief at 4.

---

*(Footnote Continued)* ————————————

(under the influence of controlled substance) and 3802(d)(3) (under the influence of combination of drugs and alcohol). At the second trial, however, the jury returned a verdict of not guilty on both subsections (d)(2) and (d)(3).

[4] The DUI conviction was Caceres's second DUI conviction in the last 10 years.

[5] On November 18, 2014, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b). The Commonwealth complied with the court's directive and filed a concise statement on November 20, 2014.

The issue raised, herein, has been the subject of numerous appeals filed by the Office of the District Attorney in York County.[6] It involves the interplay between Subsections 3803(a) and (b) of the Vehicle Code. **See** 75 Pa.C.S. § 3803.

At the time Caceres committed the DUI offense, 75 Pa.C.S. § 3803 provided, in relevant part:

> **(a) Basic offenses.—Notwithstanding the provisions of subsection (b)**:
>
>> (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual **may be sentenced to a term of imprisonment of not more than six months** and to pay a fine under section 3804 (relating to penalties).
>
> * * * *
>
> **(b) Other offenses.—**
>
> * * * *
>
>> (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who

---

[6] **See, e.g.**, **Commonwealth v. Landes**, 319 MDA 2014 (Pa. Super. May 20, 2015) (unpublished memorandum); **Commonwealth v. Horan**, 152 MDA 2014 (Pa. Super. May 11, 2015) (unpublished memorandum); **Commonwealth v. Brown**, 841 MDA 2014 (Pa. Super. May 7, 2015) (unpublished memorandum); **Commonwealth v. Ettinger**, 1165 MDA 2014 (Pa. Super. April 13, 2015) (unpublished memorandum); **Commonwealth v. Stewart**, 840 MDA 2014 (Pa. Super. April 7, 2015) (unpublished memorandum); **Commonwealth v. Weipert**, 1380 MDA 2014 (Pa. Super. March 20, 2015) (unpublished memorandum).

> violates section 3802(c) or (d) and who has one or more prior offenses **commits a misdemeanor of the first degree**.

75 Pa.C.S. § 3803(a)(1), (b)(4) (emphasis supplied). Although Caceres's prior DUI conviction, coupled with his refusal to submit to blood alcohol testing, resulted in the grading of his offense as a first degree misdemeanor, subject to a five year statutory maximum sentence[7] under subsection (b), the trial court, relying on **Musau**, found that "[t]he maximum sentence for a Tier III refusal, second offense, is six months and not five years." Trial Court Opinion, 11/25/2014, at 3. **See Musau**, **supra**, 69 A.3d at 757-758 (holding the Legislature's use of the word "notwithstanding" indicates that subsection (a) controls for sentencing purposes; "regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment.").

The Commonwealth contends, as it did in numerous other appeals, that **Musau** was wrongly decided. However, it is well-established that "[i]t is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court," and "we are obligated to follow the law as articulated by the previous panel." **Commonwealth v. Pepe**, 897 A.2d 463, 465, 466 (Pa. Super. 2006), *appeal denied*, 946 A.2d 686 (Pa. 2008), *cert. denied*,

---

[7] **See** 18 Pa.C.S. § 1104(1).

555 U.S. 881 (2008). Although we are cognizant of the fact that this issue is pending before this Court *en banc*,[8] currently, the state of the law is controlled by **Musau**.[9]

Furthermore, we reject the Commonwealth's contention that the Legislature's subsequent amendment of 75 Pa.C.S. § 3803(a) has any bearing on our decision. In October of 2014, the Legislature amended Subsection 3803(a) to read "**[e]xcept as provided** in subsection (b)[,]" rather than "**[n]otwithstanding the provisions** of subsection (b)[.]" Act No. 2014-189 (effective immediately, 10/27/2014) (emphasis supplied). The Commonwealth argues the purpose of the amendment was "to correct the **Musau** Court's error." Commonwealth's Brief at 11.

However, even if this is true, the Commonwealth fails to acknowledge the application of the amended statute would result in a potentially more severe punishment for Caceres, and would, therefore, violate the *ex post facto* provision of the Pennsylvania Constitution. **See Com. v. Rose**, 81 A.3d 123, 129 (Pa. Super. 2013) ("[W]hen performing an *ex post facto* analysis a court 'is concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law

---

[8] **See Commonwealth v. Grow**, 2017 MDA 2013, Order, 9/15/2014.

[9] We note that although the Pennsylvania Supreme Court initially granted allowance of appeal on this issue in **Commonwealth v. Mendez**, 71 A.3d 250 (Pa. 2013), it recently dismissed that appeal as improvidently granted. **See Commonwealth v. Mendez**, 111 A.3d 1187 (Pa. March 30, 2015).

in place when the **act** occurred.'") (emphasis in original), *appeal granted*, 95 A.3d 274 (Pa. 2014). Accordingly, we must apply the statute as it was written at the time Caceres committed the offense.

Accordingly, because we agree with the determination of the trial court that the issue on appeal is controlled by this Court's decision in **Musau**,[10] we conclude the Commonwealth is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

---

[10] **See** Trial Court Opinion, 11/25/2014, at 3.