DISSENTING STATEMENT BY
MUNDY, J.:
After careful consideration, I respectfully dissent for the reasons given in my unpublished memorandum in Commonwealth v. Mendez, 62 A.3d 456 (Pa.Super.2012) (unpublished memorandum), appeal dismissed, — Pa. -, 111 A.3d 1187 (2015). Therein, I noted that the rules of statutory construction require us to give effect to all of Section 3803’s provisions if possible. See 1 Pa.C.SA. § 1921(a) (stating, “[ejvery statute shall be construed, if possible, to give effect to all its provisions[ ]”). I also observed, as the Majority does here, that the General Assembly added the “[notwithstanding the provisions of subsection (b)” language to Section 3803(a) at the same time that it added “where the individual refused testing of blood or breath” to Section 3803(b)(4).- See Act of November 29, 2004, P.L. 1369, No. 177, § 2. I also stress that the General Assembly titled subsection (b) “other offenses,” indicating that when one of those provisions is triggered by any of the extra elements listed in subsection (b), then subsection (a) does not apply. See generally 75 Pa.C.S.A. § 3803(b); Commonwealth v. Mobley, 14 A.3d 887, 891 (Pa.Super.2011) (referring to Section 3803(b)(4) as a “sentencing enhancement”).
Based on these considerations, I conclude that the rules of statutory construction require the enhancement provision of Section 3803(b)(4) to be construed as an aggravated offense apart from the general provision at Section 3803(a)(1). This would give effect to all of the provisions of Section 3803. Accordingly, defendants who have one prior DUI conviction and do not refuse chemical testing would be controlled by Section 3803(a)(1), the general provisions, whereas defendants who have one prior DUI conviction and refuse chemical testing commit an aggravated offense and would be controlled by Section 3803(b)(4).[1]
Further, I agree with the Commonwealth that the effect of Musau’s conclusion would be to nullify all of Section 3803(b). It would be absurd to conclude the General Assembly intended Section 3803(a)’s “notwithstanding” language to nullify Section 3803(b)(4), when the two provisions were enacted together in the same legislation. See 1 Pa.C.S.A. § 1922(1) (stating, “[t]hat the General Assembly does not intend a result that is *433 absurd, impossible of execution or unreasonable[ ]”).
Based on these considerations, I conclude that Musau was incorrectly decided, as it failed to take into account all of the rules of statutory construction. Accordingly, I would overrule Musau, vacate the judgment of sentence, and remand for re-sentencing. I respectfully dissent.

. A different panel of this Court, subsequent to Commonwealth v. Musau, 69 A.3d 754 (Pa.Super.2013), noted that this was "a logical interpretation” of Section 3803, as it forwarded the plain text of and gave effect to all of its provisions. Commonwealth v. Concor-dia, 97 A.3d 366, 370 n. 2. (Pa.Super.2014), appeal denied, — Pa.-,-A.3d-, 604 MAL 2014(2015).