J-S56041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES TYLER WAINWRIGHT, | |
| Appellee | No. 373 MDA 2015 |

Appeal from the Judgment of Sentence January 26, 2015
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0001502-2013

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 10, 2015**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed following Appellee, James Tyler Wainwright's, entry of a *nolo contendere* plea to driving under the influence of alcohol or a controlled substance (DUI) and accidents involving damage to unattended vehicle or property.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On January 28, 2013, Appellee was arrested after he was involved in a hit and run motor vehicle accident, exhibited signs of intoxication, and refused to submit to chemical testing of his blood alcohol content (BAC).  On January

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  75 Pa.C.S.A. §§ 3802(a)(1) and 3745(a), respectively.

26, 2015, he entered a negotiated *nolo contendere* plea and was sentenced. The trial court graded the DUI offense as a first-degree misdemeanor because Appellee refused chemical testing and had a prior DUI conviction. *See* 75 Pa.C.S.A. § 3803(b)(4). The Commonwealth agreed to a minimum sentence of incarceration of 180 days' time served on the DUI, but did not agree on the maximum sentence. However, it acknowledged "[t]his is a [*Commonwealth v.*] *Musau*[, 69 A.3d 754 (Pa. Super. 2013), *appeal denied*, 117 A.3d 296 (Pa. 2015)][2] case so . . . we understand the [c]ourt needs to impose a 6-month tail according to the current case law." (N.T. Plea Hearing, 1/26/15, at 2).[3] The trial court imposed a sentence of incarceration of not less than time served nor more than six months. The Commonwealth timely appealed.

On February 27, 2015, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On March 11, 2015, the Commonwealth filed a timely Rule 1925(b) statement, in which it challenged the court's determination that six months' incarceration for the DUI conviction was the maximum allowable

_____

[2] The *Musau* Court held that the maximum sentence allowable for a second DUI conviction is six months' imprisonment, even where defendant refuses chemical testing and the offense is graded as a first-degree misdemeanor. *See Musau*, *supra* at 755-56, 758.

[3] "Ordinarily, the statutory maximum sentence for a first-degree misdemeanor is five years' incarceration." *Grow*, *infra*, at *2 (citations omitted).

sentence. (**See** Rule 1925(b) Statement, 3/11/15, at unnumbered page 1). The trial court entered an opinion on March 30, 2015, in which it stated that this Court ruled directly on this issue in **Musau**, **supra**, and that it followed binding precedent in imposing the maximum sentence. **See** Pa.R.A.P. 1925(a); (**see also** Trial Court Opinion, 3/30/15, at 2).

The Commonwealth presents one question for our review:

I.     Whether the sentencing court erred when it held that six months for [Appellee's] driving under the influence (refusal) (2nd offense) conviction was the statutory maximum allowable sentence it could consider[?]

(Commonwealth's Brief, at 4) (unnecessary capitalization omitted).

At the outset we note a defendant or the Commonwealth may appeal as of right the legality of the sentence. In addition:

. . . Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Commonwealth v. McKibben**, 977 A.2d 1188, 1191 (Pa. Super. 2009) (quotation marks and citations omitted).

On appeal, the Commonwealth challenges the **Musau** Court's interpretation of section 3803 of the Vehicle Code as providing a six-month maximum sentence for a second DUI offense with refusal to submit to chemical testing. (**See** Commonwealth's Brief at 8-25); **see also Musau**, **supra** at 758. It maintains that **Musau** was incorrectly decided and creates absurd results, and that the trial court erred in relying on its holding. (**See** Commonwealth's Brief, at 8, 13, 20). This issue does not merit relief.

At the time of Appellee's offense, section 3803 of the Vehicle Code provided in relevant part as follows:[4]

> (a) **Basic offenses.—**Notwithstanding the provisions of subsection (b):
>
>> 1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).
>
>> \* \* \*
>
> (b) **Other offenses.—**
>
>> \* \* \*
>
>> (4) An individual who violates 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803(a)(1), (b)(4) (amended 2014).

In **Commonwealth v. Grow**, --- A.3d ----, 2015 WL 5174245 (Pa. Super. Sept. 4, 2015), an *en banc* panel of this Court recently considered

_____

[4] On October 27, 2014, the legislature amended section 3803(a) to replace "Notwithstanding the provisions of section (b)" with "Except as provided in subsection (b)." 75 Pa.C.S.A. § 3803(a).

and rejected a Commonwealth challenge to the three-judge panel[5] decision in **Musau**. **See Grow**, **supra** at *1.[6] The **Grow** Court held:

> Ordinarily, the statutory maximum sentence for a first-degree misdemeanor is five years' incarceration. **See** 18 Pa.C.S. § 1104(1); **see also** 18 Pa.C.S. § 106(b)(6). However, the **Musau** Court determined six months' imprisonment to be the maximum sentence for second-offense DUI with refusal to submit to chemical testing, despite the grading of the offense as a first-degree misdemeanor. In so deciding, the Court relied upon the initial language in section 3803 of "[n]otwithstanding the provisions of subsection (b)." 75 Pa.C.S. § 3803(a) (amended 2014). The Court construed this prefatory language with the other provisions of section 3803, determining that although section 3803(b)(4) specifies the grading of the crime as a first-degree misdemeanor, the maximum penalty is the six-month sentence provided in section 3803(a)(1). **Musau, supra**, at 758.
>
> The definition of "notwithstanding" was critical to the Court's decision in **Musau**. The Court discussed the ordinary meaning of the word as "in spite of" or "although" and noted that our Supreme Court has defined it as "regardless of." **Id.** at 757 (citing **City of Philadelphia v. Clement & Muller, Inc.**, . . . 715 A.3d 397, 399 ([Pa.] 1998) . . . . These synonymous definitions demonstrate that the word has an accepted meaning that is clear on its face. Thus, we agree with Grow's argument in the instant matter and with the holding of the **Musau** Court that "the plain language of the statute, giving the words their ordinary meanings, indicates [that] regardless of the . . . grading of the offense as a first-degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." **Musau**, **supra**, at 758.

---

[5] "It is well-settled that this Court, sitting *en banc*, may overrule the decision of a three-judge panel of this Court." **Commonwealth v. Morris**, 958 A.2d 569, 580 n.2 (Pa. Super. 2008) (*en banc*), *appeal denied*, 991 A.2d 311 (Pa. 2010) (citation omitted).

[6] **Grow** also involved a York County appeal.

* * *

> For the foregoing reasons, we find that the trial court did not err in following our holding in **Musau** and sentencing Grow to a maximum sentence of six months' incarceration.

**Id**. at *2, *5 (emphasis omitted).

Thus, in the instant case, based on the foregoing binding authority, we conclude that the trial court did not err in determining that six months' incarceration for Appellee's DUI conviction was the maximum allowable sentence. **See id.**; **see also McKibben**, **supra** at 1191. Accordingly, the Commonwealth's sole issue on appeal does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015

- 6 -