J-S40026-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY TETUAN, | : | |
| | : | |
| Appellant | : | No. 1983 WDA 2014 |

Appeal from the Judgment of Sentence November 13, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0000163-2014

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED JULY 15, 2015**

Appellant, Anthony Tetuan ("Tetuan"), appeals from the judgment of sentence entered on November 13, 2014 in the Court of Common Pleas, Erie County.  After our review of the record, we vacate the sentence and remand for resentencing.

A brief summary of the facts and relevant history is as follows.  On November 21, 2013, Tetuan, who was nineteen years old, was driving a vehicle with a suspended license based on a conviction of driving under the influence ("DUI").  On that night, Tetuan was again under the influence of alcohol and wrecked the vehicle by driving it into a utility pole.  Tetuan refused to provide police with a breath or blood sample for chemical testing.  As a result of the accident, Tetuan was charged with DUI, 75 Pa.C.S.A. § 3802(a)(1), driving while operating privilege is suspended or revoked,

_____
*Retired Senior Judge assigned to the Superior Court.

75 Pa.C.S.A. § 1543(b)(1.1)(i), and purchase, consumption, possession or transportation of liquor or malt or brewed beverages, 18 Pa.C.S.A. § 6308(a).

On September 30, 2014, Tetuan pled guilty to the DUI charge (hereinafter, "Count One") and driving with a suspended license (hereinafter, "Count Two"). As part of the plea bargain, Tetuan also admitted that this was his second DUI conviction within the last ten years. The trial court nolle prossed the charge of purchase, consumption, possession or transportation of liquor or malt or brewed beverages.

On November 13, 2014, Tetuan appeared for a sentencing hearing. The trial court began by sentencing Tetuan on Count Two to the mandatory minimum of sixty days incarceration, with the allowance of admission to the work release program if he qualified during that period of incarceration, as well as the costs of prosecution, a mandatory minimum $500 fine, $10 EMSA fine, and $50 to the CAT MCARE fund. As this was Tetuan's second DUI offense, the trial court sentenced Tetuan on Count One to an intermediate punishment sentence of thirty months under supervision that would begin with three months of home electronic monitoring, followed by three months of intensive supervision. In addition, the trial court mandated 250 hours of community service, a requirement to attend at least three AA meetings a week, undergo outpatient alcohol counseling, and undergo a mental health

evaluation and any other testing, treatment, counseling or program the probation office deemed appropriate.

Tetuan filed a motion for reconsideration of sentence on November 21, 2014. On December 3, 2014, the trial court denied Tetuan's motion for reconsideration. Tetuan thereafter filed a timely notice of appeal on December 4, 2014. On appeal, Tetuan presents one issue for our review:

> [Did] [t]he lower court commit reversible error in failing to apply the Pennsylvania Superior Court's ruling in **Commonwealth v. Musau**, 69 A.3d 745 (Pa. Super. 2013) which limits the maximum penalty for [C]ount [One] to six months when [Tetuan] entered a plea while **Musau** was in place but was sentenced after the legislative "fix" was enacted?

Tetuan's Brief at 3.

In this case, Tetuan was charged with DUI under section 3802(a)(1) of the Motor Vehicle Code which provides:

> **(a) General impairment**.--
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

At the time Tetuan committed his second DUI offense on November 21, 2013, the DUI gradation statute under section 3803 of the Motor Vehicle Code provided, in relevant part:

**(a) Basic offenses.**—Notwithstanding the provisions of subsection (b):

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

**(b) Other offenses.**—

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803(a)(1), (b)(4) (rescinded October 26, 2014).

On appeal, Tetuan argues that the trial court imposed a sentence that "did not comport with the current status of the law." Tetuan's Brief at 4. Tetuan specifically asserts that at the time he entered his guilty plea, the maximum penalty he could receive was six months of incarceration. Tetuan's Brief at 4. In support of his assertion, Tetuan relies upon this Court's decision in *Commonwealth v. Musau*, 69 A.3d 754 (Pa. Super. 2013).

Similar to the facts in the case presently before this Court, the appellant in *Musau* was found by police in the driver's seat of a running vehicle, smelled of alcohol, had bloodshot eyes, and could barely stand. *Id.*

at 755. The police took him to its headquarters where the appellant refused to submit to chemical testing. *Id.* The trial court convicted him of driving under the influence and "graded the appellant's offense as a first degree misdemeanor pursuant to 75 Pa.C.S.[A]. § 3803(b)(4)" since the appellant refused to submit to chemical testing and had a prior DUI conviction. *Id.* at 755-56. As a result, the trial court sentenced appellant to ninety days to five years of imprisonment, in accordance with the statutory maximum for first-degree misdemeanors pursuant to 18 Pa.C.S.A. § 106(b)(6). *Id.*

On appeal, the appellant in *Musau* challenged the legality of his sentence, contending that six months of incarceration was the maximum permissible sentence pursuant to 75 Pa.C.S.A. § 3803(a)(1). The *Musau* Court determined that the phrase "notwithstanding the provisions of subsection (b)" in section 3803(a) meant "regardless of" the provisions of subsection (b). Thus, the *Musau* Court concluded that the plain language of the statute provides that "regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." *Id.* at 758. As a result, the *Musau* Court held that the appellant's sentence of ninety days to five years' incarceration was illegal and vacated the appellant's judgment of sentence and remanded the case for resentencing. *Id.*

On October 14, 2014, following the *Musau* Court's holding, the Pennsylvania Legislature passed Senate Bill 1239 which amended 75 Pa.C.S.A. § 3803(a) by deleting the phrase "Notwithstanding the provisions of subsection (b)" and replacing it with "Except as provided in subsection (b)." The amended version became effective on October 27, 2014. The trial court now asserts in its 1925(a) opinion that Tetuan's sentence is appropriate because the Legislature "removed the portion of the law which *Musau* [] declared contained a loophole making the most serious 2nd offense DUI punishable as a first offense in terms of penalty." Trial Court Opinion, 1/6/15, at 1. The trial court further asserts that "at [Tetuan's] sentencing he was aware of the change and made no effort to withdraw his plea based on what he had been told at the time of his plea and what he now knew as to the possible max sentence. This was [Tetuan's] remedy, not to be given a sentence that was no longer valid under the law." Trial Court Opinion, 1/6/15, at 1.

The trial court failed to take into account that Tetuan committed his crime on November 13, 2013, and pled guilty on September 30, 2014, before the amended section 3803(a) became effective. Thus, Tetuan pled guilty to a crime that subjected him to a maximum sentence of six months' imprisonment. Indeed, prior to Tetuan entering his guilty plea, the trial court properly conducted a guilty plea colloquy, a part of which requires the trial court to advise the defendant of the sentencing range that could be

imposed,[1] and advised Tetuan that the maximum sentence he could receive on Count One was six months of incarceration. N.T., 9/30/14, at 4. Although the Legislature amended section 3803(a), *Musau* remains binding precedent, as it has not been overturned by an en banc panel of this Court or by our Supreme Court.[2] *See Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court."); *see also Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa. Super. 2000) ("we have long held that as long as the decision has not been overturned by our Supreme Court, a decision by our Court remains binding precedent."). Accordingly, as the facts of this case are indistinguishable from the facts of *Musau*, we must conclude that the maximum sentence the trial court could impose under the facts of this case is six months of incarceration. Tetuan's intermediate punishment sentence of thirty months exceeds the maximum sentence and therefore is illegal and must be vacated. *See Commonwealth v. Boyd*, 73 A.3d 1269,

---

[1] "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, **5) the sentencing ranges**, and 6) the plea court's power to deviate from any recommended sentence." *See Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (emphasis added); Pa.R.Crim.P. 590(A)(2), cmt.

[2] We note that our Supreme Court granted review of this precise issue in *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013). The Supreme Court, however, recently dismissed the appeal as having been improvidently granted. 2015 WL 1421402 (Pa. March 30, 2015). Accordingly, *Musau* remains binding precedent.

1271 (Pa. Super. 2013) ("[t]he classic claim of an illegal sentence is where the sentence exceeded the statutory maximum for the offense(s).  A court is simply unauthorized to impose such a sentence.") (quoting **Commonwealth v. Foster**, 17 A.3d 332, 349 (Pa. 2011)).

Judgment of sentence vacated and remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2015