J-S50027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT HAVILAND | |
| Appellant | No. 2184 MDA 2015 |

Appeal from the PCRA Order entered November 19, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at Nos: CP-54-CR-0000218-2011, CP-54-CR-0000421-2011

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:           **FILED SEPTEMBER 16, 2016**

Appellant, Robert Haviland, appeals from the order the Court of Common Pleas of Schuylkill County entered on November 19, 2015, denying his request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9451-46.  Upon review, we affirm.

The PCRA court summarized the relevant background of this matter in its October 20, 2015 opinion, which we incorporate here by reference.  PCRA Court Opinion, 10/20/15, at 1-3.  Briefly, on February 2, 2012, Appellant pled guilty to delivery of a controlled substance, possession with intent to deliver a controlled substance, possession of drug paraphernalia and driving

_____

[*] Former Justice specially assigned to the Superior Court.

under the influence of a controlled substance. *See Commonwealth v. Haviland*, No. 937 MDA 2012, unpublished memorandum at 2 (Pa. Super. filed November 30, 2012). On March 26, 2012, the trial court sentenced Appellant to an aggregate term of four years and three months to eleven and one-half years in prison. *Id.*

Appellant filed a direct appeal to this Court, challenging the voluntariness of his guilty pleas. We affirmed Appellant's judgment of sentence on November 30, 2012. *Id.* at 1, 10. On January 14, 2013, Appellant filed his first PCRA petition, alleging plea counsel's ineffective assistance and the voluntariness of his guilty pleas. The PCRA court denied relief. We affirmed on February 4, 2014. *See Commonwealth v. Haviland*, No. 690 MDA 2013, unpublished memorandum at 1, 8 (Pa. Super. filed February 4, 2014). On June 12, 2014, the Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Haviland*, 94 A.3d 1008 (Pa. 2014). Appellant filed the instant petition on September 18, 2015, alleging his prior counsel (plea and first PCRA) were both ineffective. The PCRA court denied relief because the petition was untimely, in addition to finding the claims waived or previously litigated. *See* PCRA Court Opinion, 10/20/15, at 5. This appeal followed.

Appellant alleges prior counsel were ineffective for failing to challenge the legality of his sentence. Appellant's Brief at 1. Appellant alleges that he

is entitled to relief based on **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), *appeal denied*, 117 A.3d 296 (Pa. 2005).[1]

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

A PCRA petition, including a second or a subsequent petition, must be filed within one year of the judgment becoming final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). There are some exceptions to this general rule. It is Appellant's duty, however, to allege and prove the applicability of the exceptions, and that the petition was filed within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A § 9545(b)(2). Failure to do so precludes further review of the petition. **See**, **e.g.**, **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

_____

[1] In **Musau** we interpreted 75 Pa.C.S.A. § 3803 as providing a six-month maximum sentence for a second DUI offense involving refusal to submit to chemical testing.

Here, as also noted by the PCRA court, there is no question that Appellant's PCRA petition is facially untimely.[2] *See* PCRA Court Opinion at 4. Thus, Appellant had to allege and prove he met one of the exceptions to the time bar. Appellant did not do so. Indeed, despite citing authorities to support the merits of his claim, nowhere did Appellant explain on what basis his PCRA petition could be entertained. Appellant seems to believe that a challenge to the legality of sentence is not waivable and it is not subject to the PCRA's jurisdictional time limitations. Appellant is mistaken. It is well-established that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, Appellant's contention is easily dismissed." *Commonwealth v Fay*, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). Regarding the authority Appellant relies upon, we note that *Musau*, to the extent it is applicable, was decided on June 28, 2013, whereas the instant PCRA petition was filed on September 18, 2015, which is well beyond the 60-day window provided under 42 Pa.C.S.A. § 9545(b)(2). Appellant provides no explanation why he meets the jurisdictional requirements

---

[2] As noted, we affirmed the judgment of sentence on November 30, 2012. Appellant's judgment became final on December 30, 2012, at the expiration of the 30-day window to file a petition for allowance of appeal with the Supreme Court. Appellant had one year from December 30, 2012, that is December 30, 2013, to file a timely PCRA petition. Since Appellant filed the instant petition on September 18, 2015, the PCRA petition is facially untimely.

despite the patent untimeliness of his petition. As such, we conclude the instant PCRA petition is untimely and Appellant failed to establish the applicability of any of the exceptions to the PCRA's time bar.[3] We direct that a copy of the PCRA court's October 20, 2015 opinion be attached to any future filings in this case.

_____

[3] To the extent Appellant's claims can be construed as claims of ineffective assistance of counsel, assuming we could review the merits of the challenge, we note that Appellant failed to plead and prove that prior counsel rendered ineffective assistance of counsel. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the '[**Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987)] test,' or the claim fails." **Id.** Having failed to plead and prove ineffective assistance of counsel his claim fails also in its merits.

The PCRA court also noted the issues raised in the instant petition were both waived and/or previously litigated. In light of our disposition, we need not address this conclusion by the PCRA court.

Order affirmed.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2016

IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL

COMMONWEALTH OF PENNSYLVANIA     :     NO.: 218-2011 & 421-2011

vs.     :

ROBERT HAVILAND,     :
            Defendant

Christine Holman, District Attorney - for the Commonwealth
Robert Haviland – Defendant Pro Se

## OPINION OF COURT

DOMALAKES, J.

The matter before the Court involves the Defendant's Second PCRA Petition filed September 18, 2015. On September 23, 2015 the Court issued a Rule to Show Cause on the Commonwealth to show why a Hearing on Defendant's PCRA Petition should not be granted. The Commonwealth timely filed its Answer to the Rule and filed a Motion to Dismiss Without Hearing on October 5, 2015. The Commonwealth alleges that Defendant's second PCRA Petition is untimely and therefore the Court is without jurisdiction to consider its merits, if any. It also argues that the present claims of the defendant have been waived or previously finally litigated.

In its Motion the Commonwealth points out that Defendant was sentenced on Mary 26, 2012 to an aggregate sentence of four (4) years, three (3) months to 11 ½ years in a State Correctional Institution. Thereafter Defendant filed a Motion to Vacate Sentence and Withdraw his Guilty Plea, which was subsequently denied. He appealed

the decision to the Pennsylvania Superior Court. The Superior Court affirmed the judgment of sentence on November 30, 2012. He did not file a Petition for Allowance of Appeal so his sentence became final on December 30, 2012. See 42 C.S.A. sec. 9545(b)(1)

The Defendant then filed a PCRA Petition on January 14, 2013. A Hearing was held on said Petition on February 26, 2013 at which Defendant and his Trial attorney, Andrea Thompson, Esquire testified. Attorney Mark Barket was Defendant's Court appointed counsel in this proceeding. On March 15, 2013 the Court denied Defendant's first PCRA Petition. On February 4, 2014 the Superior Court affirmed the Trial Court's decision and denied Defendant's appeal.

Defendant then filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. On June 12, 2014, the Pennsylvania Supreme Court denied Defendant's Petition for Allowance of Appeal. The Defendant's second PCRA Petition was not filed until September 18, 2015. It is noted that Court appointed private counsel, Julia Werdt, Esquire, represented Defendant in his appeals to the Pennsylvania Superior and Supreme Courts.

In his present Motion Defendant presents claims attacking Attorney Andrea Thompson's representation of him during Pre-Trial proceedings, at his Guilty Plea, Sentencing and Post-Sentence. These claims have been raised and rejected previously. He also asserts claims against Attorney Mark Barket's representation of him during his first PCRA Petition at the Trial Court level. Any other claims presently made should have been presented in his first PCRA. Because they were not presented they

2

are waived.  42 Pa. C.S.A. sec. 9544(b) Any claims pertaining to Attorney Barket's representation should have been presented to the Pennsylvania Superior Court during appellate review of his first PCRA.  Commonwealth v. Burkett, 5, A.3d 1260, 1272-73 (Pa. Super. 2010)

At the appellate review of Attorney Barket's representation of Defendant, Defendant was represented by Court appointed, private counsel, Julia Werdt, Esquire. Since the attacks on his prior counsel's representation were not presented at that time they are waived. 42 Pa. C.S.A. sec. 9544(b) The Commonwealth now moves the Court to Dismiss the instant PCRA Petition for untimeliness and asserts that all claims therein are waived.  See Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa. Super. 2013).

All PCRA petitions, including *second (emphasis added)* or subsequent petitions, must be filed within one year of the date the judgment of sentence becomes final, that is either at the conclusion of direct review or the expiration of the deadline for seeking review. 42 Pa.C.S.A. 9545(b)(3).  On this point appellate court decisions are clear, holding that a conviction becomes final, for purposes of Pennsylvania's Post Conviction Relief Act, at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review. *Whitney v. Horn,* C.A. 3 (Pa.) 2002, 280 F.3d 240, certiorari denied 123 S.Ct. 1351, 537 U.S. 1195, 154 L.Ed 2d 1030.  In that case the court held that for purposes of the one-year statute of limitations for petitions seeking relief under the PCRA, the defendant's conviction became final after the Pennsylvania Supreme Court affirmed his sentence, when the time for

3

filing for writ of certiorari with the United States Supreme Court expired. In *Com. v. Callahan,* 101 A.3d 118, Super. 2014, the court held that in fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. The plain language of the PCRA statute provides that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if collateral proceedings are still ongoing. In the case at bar the Pennsylvania Superior Court, on direct appeal of the judgment of sentence affirmed the judgment of sentence on November 30, 2012. Defendant would have had 30 days to appeal the decision of the Superior Court which would have been December 30, 2012, the date on which under the PCRA the judgment would have been deemed final. The defendant filed no such Petition for Allowance of Appeal by December 30, 2012. Defendant, under the PCRA and the relevant foregoing decisions, would have had one year from that date of December 30, 2012, that is by December 30, 2013, to file his PCRA petition. The Defendant filed his present (second) PCRA petition on September 18, 2015. His petition is untimely and the Court does not have jurisdiction to consider it. Untimely PCRA petitions must be dismissed unless the petitioner alleges and proves that his claims were not raised previously because of one of the following: (1) the unconstitutional interference of governmental officials, (2) the discovery of facts that could not have previously been ascertained by due diligence, or (3) the recognition of a newly recognized constitutional right that applies retroactively. 42

4

Pa.C.S.A. 9545(b)(1)(i-iii).    Based on the present record before the court, including the assertions made in the Defendant's petition, none of these exceptions apply to the untimely filing of the defendant's petition in this case. The defendant, based on the credible evidence of record, has not alleged nor proven that the claims he now raises were not raised previously because of any of the foregoing reasons.   This case does not involve any unconstitutional interference of governmental officials.  The defendant was aware of his present claims some time before he even filed his first PCRA petition and did not raise them at the time he was aware of them.   This case does not involve the recognition of a new constitutional right that applies retroactively.

The court further agrees, based on the record, that the present claims of the defendant have been waived or finally litigated.  Certain claims pertaining to Attorney Thompson's representation were raised and ruled upon, adversely to the Defendant by this Court and the appellate courts.  Any other of the defendant's present claims could have been raised by the defendant but he failed to do so before trial, at trial, during unitary review, on appeal , or in a prior state post conviction proceeding. 42 Pa.C.S.A. 9544(b).

Accordingly the Court enters the following: